**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LATRICE SAXON, Individually, and on Behalf of All Others Similarly Situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | **Case No.** 1:19-cv-403 |
| **v.** | ) ) | |
| **SOUTHWEST AIRLINES CO.,** | ) ) | **Jury Trial Demanded** |
| **Defendant.** | ) ) ) | |

## COLLECTIVE ACTION COMPLAINT

Representative Plaintiff Latrice Saxon, individually and on behalf of all other similarly-situated employees, by and through her counsel, brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Defendant Southwest Airlines Co. ("Southwest" or "Defendant"), its subsidiaries and affiliates, and alleges, upon personal belief as to herself and her own acts, and as for all other matters, upon information and belief, and based upon the investigation made by her counsel, as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendant's systematic, company-wide policy of failing to pay overtime compensation to its ramp supervisors for all time worked over 40 hours per week, in violation of the FLSA.

2. During the relevant statutory period, Defendant has maintained a corporate policy and practice of requiring ramp supervisors to work before the start of their scheduled shifts each day but failing to compensate them for this time worked.

3.      During the relevant statutory period, Defendant maintained a corporate policy and practice of requiring ramp supervisors to work through their meal breaks despite Defendant automatically deducting 30-minute unpaid meal breaks every shift.

4.      Accordingly, Defendant is liable for its failure to pay Plaintiff and other similarly-situated employees for time worked in excess of 40 hours in given workweeks.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that a suit under the FLSA "may be maintained against any employer… in any Federal or State court of competent jurisdiction."  The Representative Plaintiff has signed an opt-in consent form to join this lawsuit. Ex. A.

6.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA and also pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy in this civil action exceeds $75,000.00, exclusive of interest and costs, and the parties are residents of different states.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff worked for Defendant in this District and suffered the losses at issue in this District, because Defendant is alleged to have engaged in the wrongful conduct at issue in this District and because a substantial part of the events and omissions giving rise to the claims pled in this Collective Action Complaint occurred within this District.

## PARTIES

8.      Plaintiff Latrice Saxon is a resident of Illinois who has worked, and currently works, for Defendant as a non-exempt ramp supervisor during the applicable statute of limitations

period and was not compensated for time spent working before her regularly scheduled shifts and during meal breaks.

9.    At all relevant times, Latrice Saxon was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1).

10.    At all relevant times, Defendant Southwest Airlines, Co. ("Southwest") has been a corporation organized under Texas law and doing business throughout this District. Southwest employs individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207. Southwest's annual gross volume of sales made and/or business done exceed $500,000.00.

11.    At all relevant times, Southwest has been an "employer" as defined by the FLSA, 29 U.S.C. § 203(d), and was actively engaged in the conduct described herein. Throughout the relevant period, Southwest employed Plaintiff and similarly-situated employees within the meaning of the FLSA.

## FACTUAL BACKGROUND

12.    Plaintiff, and those she seeks to represent, are individuals who work or have worked for Defendant as ramp supervisors, or any other similarly-titled position during the statutory period. Plaintiff and putative class members all shared similar job titles, training, job descriptions, job requirements, and compensation plans, among other things.

13.    Defendant managed Plaintiff's and putative class members' work, including the number of hours they worked. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

14.     Plaintiff and others similarly situated were classified by Defendant as non-exempt under the FLSA and paid an hourly rate.

15.     Defendant encouraged, suffered, or permitted Plaintiff and putative class members to perform work before the start of their scheduled shift and during meal breaks, but did not pay them for such time worked. Specifically, Defendant required Plaintiff and other ramp supervisors to arrive to work before the start of their scheduled shifts so they can login to Defendant's computer network (*i.e.* SWALife); review and respond to emails; determine the number of flights for the day via OTIS (*i.e.* the employee database); ensure there is proper coverage for all scheduled flights for the day; as well as performing additional work duties.  Although much of the above work was performed on the clock, Defendant failed to compensate Plaintiff and putative class members for this time worked before the start of their scheduled shifts.

16.     Defendant failed to pay Plaintiff and those similarly situated for all overtime hours actually worked at a rate of 1.5 times their regular rate of pay.

17.     Defendant improperly failed to pay Plaintiff and putative class members all compensation rightfully due, including but not limited to, overtime pay and time spent working before the start of their scheduled shifts and during unpaid meal breaks.

18.     Defendant knew and was aware at all times of the above-mentioned violations.

19.     The conduct alleged above reduced Defendant's labor and payroll costs.

20.     Plaintiff and others similarly situated were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of wages and overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and putative class members in accordance with the requirements of federal wage and hour laws, Plaintiff and class members suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b), to recover unpaid wages, unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

22.     Plaintiff brings this action under the FLSA on behalf of the following collective class of similarly-situated employees:

> All individuals who were employed or are currently employed by the Defendant as ramp supervisors, or any other similarly-titled position, at any time during the three (3) years prior to the date of the commencement of this action through the date of judgment in this action, and who were not properly compensated for all time worked, including time worked in excess of 40 hours in given workweeks.

23.     This action is properly maintained as a collective action because the Representative Plaintiff is similarly situated to the members of the collective class with respect to job title, job description, training requirements, and job duties, and is subject, as are members of the collective class, to a common practice, policy, or plan in which Defendant suffered and permitted her and others similarly situated to perform work for the benefit of Defendant in excess of 40 hours in given workweeks without compensation at time-and-a-half.

24.     Defendant knew or should have known that Plaintiff and the collective class performed work that required additional wages and overtime compensation to be paid. Nonetheless, Defendant operated under a scheme, as described above, to deprive Plaintiff and the collective class of wages and overtime compensation.

25.     Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

26.     There are hundreds of similarly-situated current and former ramp supervisors who Defendant failed to properly compensate in violation of the FLSA and who would benefit from the issuance of court-supervised notice and an opportunity to join the present action if they choose.

27.     The precise number of FLSA class members can be easily ascertained by using Defendant's payroll and personnel records. Given the composition and size of the class, members of the FLSA class may be informed of the pendency of this action directly via U.S. Mail, email, and otherwise.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Unpaid Overtime wages)**

28.     Plaintiff incorporates by reference all preceding paragraphs.

29.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d).

30.     Defendant is subject to the wage requirements of the FLSA because Defendant is an employer pursuant to 29 U.S.C. § 203(d).

31.     Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is engaged in interstate commerce and/or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

32.     Plaintiff and the collective group members are "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 203(e)(1), and are not exempt from the FLSA's protections for any reason.

33.     Plaintiff and other ramp supervisors are similarly-situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

34.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

35.     Defendant willfully engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiff and similarly-situated employees for all time worked prior to their regularly scheduled shifts and for work performed during unpaid meal breaks, thereby failing and refusing to pay them the overtime wage compensation required by law and in accordance with Sections 206 and 207 of the FLSA.

36.     Although Plaintiff and the collective group members were clocked in while performing required pre-shift work, such as logging into Defendant's computer network, reviewing and responding to emails, determining the number of flights for the day via OTIS (employee database), ensuring there is proper coverage for all scheduled flights for the day, and other work, Defendant failed to compensate them for any time worked before the start of their scheduled shift in violation of the FLSA, 29 U.S.C. § 211(c).

37.     Defendant also engaged in a widespread pattern and practice of violating the FLSA by failing to compensate Plaintiff and similarly-situated employees for all time worked during their unpaid meal breaks.

38.     Defendant maintains a written policy promising Plaintiff and the collective group members one 30-minute unpaid meal break per shift.  Having made this promise, Defendant was obligated to ensure either that Plaintiff and the collective group members were completely relieved from all work-related duties during their unpaid meal break, or that Plaintiff and the collective group members accurately tracked and recorded their interrupted meal breaks and received all overtime wages due for each interrupted break.

39.     Defendant requires Plaintiff and the collective group members to prioritize their work-related responsibilities over their entitlement to an uninterrupted meal break.

40.     Defendant does not maintain adequate staffing levels or provide dedicated relief workers to ensure Plaintiff and the collective group members are completely relieved from work-related duties, such as taking calls on the radio from the communication center, during their entire unpaid meal break.

41.     Defendant does not maintain any policy or procedure requiring Plaintiffs and the collective group members to track or report their interrupted meal breaks or allowing them to request wages for an interrupted meal break.

42.     As a result of Defendant's violations of the FLSA, Plaintiff and the putative class have suffered and will continue to suffer a loss of income and other damages.

43.     Defendant did not make a good-faith effort to comply with the FLSA with respect to the compensation of their ramp supervisors.

44.     As a result of Defendant's unlawful acts, it is liable to Plaintiff and the putative class for actual damages, liquidated damages, and equitable relief pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

45.     Plaintiff and the putative class are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, the Representative Plaintiff Latrice Saxon, individually and on behalf of all others similarly situated, through her attorneys, demands judgment against the Defendant and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and

completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Certify this matter as a collective action and designate Plaintiff as the representative of all those employees similarly situated;

B. Order the Defendant to file with this Court and furnish to counsel a list of all names, telephone numbers, addresses, and e-mail addresses of all ramp supervisors or any other similarly-titled position who have worked for the Defendant within the last three years;

C. Authorize Plaintiffs' counsel to issue notice via U.S. mail and e-mail at the earliest possible time to all ramp supervisors or any other similarly-titled position who have worked for the Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Appoint Stephan Zouras, LLP as counsel for the Plaintiffs;

E. Declare and find that the Defendant committed one or more of the following acts:

    i. Violated provisions of the FLSA by failing to pay regular wages, overtime wages and other benefits to Plaintiff and similarly-situated persons who opt-in to this action;

    ii. Willfully violated provisions of the FLSA; and,

F. Award compensatory damages, including all regular and/or overtime pay owed, in an amount according to proof;

G. Award liquidated damages on all compensation due accruing from the date such amounts were due;

H. Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

I. Grant leave to amend to add claims under applicable state and federal laws;

J. Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K. For such further relief as the Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

46.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury.


Dated: January 18, 2019                    Respectfully Submitted,


                                           */s/ Andrew C. Ficzko*
                                           Ryan F. Stephan
                                           James B. Zouras
                                           Andrew C. Ficzko
                                           **STEPHAN ZOURAS, LLP**
                                           100 N Riverside Plaza, Suite 2150
                                           Chicago, Illinois 60606
                                           312-233-1550
                                           312-233-1560 *f*
                                           rstephan@stephanzouras.com
                                           jzouras@stephanzouras.com
                                           aficzko@stephanzouras.com

                                           **ATTORNEYS FOR THE PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on January 18, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

_/s/ Andrew C. Ficzko_