IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRICE SAXON, Individually, and on Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No. 1:19-cv-00403 |
| SOUTHWEST AIRLINES CO., | )<br>) |
| Defendant. | )<br>)<br>) |

**PLAINTIFF'S MOTION IN SUPPORT OF DISCOVERY**

Plaintiff, Latrice Saxon ("Plaintiff" or "Saxon") respectfully requests that the Court grant her leave to conduct venue-related discovery before responding to Defendant's Motion to Dismiss or Stay in Favor of Arbitration brought pursuant to Federal Rule of Civil Procedure 12(b)(3). In support of her motion, Plaintiff states as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

On January 18, 2019 Plaintiff, on behalf of herself and all others similarly situated, filed her Collective Action Complaint ("Complaint") against Defendant for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"). Specifically, Plaintiff alleges that she and all other similarly-situated ramp supervisors were classified by Defendant as non-exempt under the FLSA and paid an hourly rate. *See* Complaint at ¶ 14 [Doc. No. 1]. Defendant encouraged, suffered, and/or permitted her and the putative class members to perform work before the start of their scheduled shift and during meals breaks, but did not pay them for such time worked. *Id.* at ¶ 15. Specifically, Defendant required, encouraged and/or permitted Plaintiff and other ramp supervisors to arrive at work before the start of their scheduled shifts so they could

1

login to Defendant's computer network (*i.e.* SWALife); review and respond to emails; determine the number of flights for the day via OTIS (*i.e.* the employee database); ensure there is proper coverage for all scheduled flights for the day; as well as perform additional work duties. *Id*. Although much of this work was performed on the clock, Defendant failed to compensate Plaintiff and the putative class members for the time worked before the start of their scheduled shifts. *Id.* Defendant improperly failed to pay Plaintiff and the putative class all compensation rightfully due, including but not limited to, overtime pay and time spent working before the start of their scheduled shifts and during unpaid meal breaks. *Id*. at ¶ 17.

On April 8, 2019 Defendant filed a Motion to Dismiss or Stay In Favor of Arbitration ("Motion"). In its Motion, Defendant argues Plaintiff's lawsuit must be dismissed or alternatively stayed pursuant to 9 U.S.C. § 3 because, according to the Defendant, Plaintiff agreed to individually arbitrate all wage and hour-related claims against Defendant. *See* Motion at 1 [Doc. No. 14]. In support of its Motion, Defendant included numerous extraneous exhibits including several declarations and multiple versions of an apparent dispute resolution policy. Specifically, Exhibits A-D are documents from a previously filed case against Southwest, including Exhibit C, which is a declaration from Sherie Blanton ("Blanton"), the Director, Communications & Outreach for Southwest, Exhibit E is a declaration from Vincent Vasquez ("Vasquez"), a Digital Workplace Solutions Analyst for Southwest, and Exhibit F is a declaration from Michelle Jordan ("Jordan"), Senior Director of Daily Operations Labor for Southwest. *Id*. Each declarant references additional exhibits, including, for example, hand-picked portions of an apparent collective bargaining agreement. No discovery has taken place in this lawsuit to date.

## STATEMENT OF LAW

Discovery motions related to venue are within the sound discretion of the trial court. *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000). Discovery is not limited to the merits of a case. Thus, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). In the context of venue discovery, a plaintiff need only establish a colorable or *prima facie* showing that venue is proper to obtain discovery in order to respond to a motion to dismiss. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Courts generally grant jurisdictional discovery if "the factual record is at least ambiguous or unclear on the jurisdiction issue." *Ticketreserve, Inc. v. Viagogo, Inc.*, 656 F. Supp. 2d 775, 782-83 (N.D. Ill. 2009) (noting that the standard for granting jurisdictional discovery is low). *See e.g., Wells v. Hospital Group of Illinois, Inc.*, No. 02 C 6111, 2003 WL 21704416, at *3 (N.D. Ill. July 23, 2003). This standard is low; a court should only deny a plaintiff's request if it is based on bare, attenuated or unsupported assertions of venue, or when a plaintiff's claim of proper venue appears to be clearly frivolous. *Anderson v. Sportmart, Inc.*, 179 F.R.D. 236, 241 (N.D. Ind. 1998).

Courts in this Circuit routinely allow for venue related discovery. *See McKia-Coy v. Horseshoe Hammond*, LLC, No. 08 C1709, 2008 WL 4326468, at *1 (N.D. Ill. Sept. 17, 2008) (granting plaintiff written discovery and depositions for its response to a motion to dismiss for improper venue); *Sage Prod., Inc. v. Primo, Inc.*, No. 12 CV 3620, 2013 WL 812319, at *1, fn. 1 (N.D. Ill. Mar. 5, 2013) (granting plaintiff's motion for leave to conduct discovery on venue and jurisdiction in response to defendant's motion to dismiss for improper venue); *Abbott v. Lockheed Martin Corp.,* No. 3:06-CV-701-MJR , 2006 WL 6914829, at *1 (S.D. Ill. Nov. 8, 2006) (granting

3

discovery on venue related issues only); *Cellular Dynamics Int'l, Inc. v. Lonza Walkersville, Inc.*, No. 17-CV-0027-SLC, 2017 WL 4046348, at *2 (W.D. Wis. Sept. 12, 2017) (granting limited venue related discovery).

## **VENUE DISCOVERY IS APPROPRIATE**

In evaluating whether the *prima facie* standard has been satisfied, "the plaintiff is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (internal citations omitted). As alleged in the Complaint, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff worked for Southwest in this District, Plaintiff suffered the losses at issue in this District, Defendant is alleged to have engaged in the wrongful conduct at issue in this District, and because a substantial part of the events and omissions giving rise to the claims pled in the Complaint occurred in this District. *See* Complaint at ¶ 7 (Doc. No. 1]. Thus, all well-pleaded facts alleged in the Complaint are taken as true and resolution of any factual disputes between the parties at this stage are to be resolved in favor of the plaintiff. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Additionally, as a transportation worker engaged in foreign and/or interstate commerce, Plaintiff is exempt from arbitration under § 1 of the Federal Arbitration Act ("FAA"). Therefore, the allegations in the Complaint clearly warrant a colorable or *prima facie* showing that venue is proper to allow discovery in order for Plaintiff to properly respond to Defendant's Motion.

Alternatively, at the very least, the factual record is ambiguous and unclear warranting venue discovery. For example, in its Motion, Defendant argues that in July 2018, an exact same

4

FLSA claim against Defendant was filed (*i.e.,* the *Battles*[1] lawsuit) on behalf of ramp supervisors at Chicago Midway International Airport, seeking to represent the same collective class, meaning they worked in the same position during the same timeframe, alleging the same overtime claims. *See* Motion at 1 [Doc. No. 14]. Defendant filed a similar 12(b)(3) motion in the *Battles* action and included a declaration from Sherie Blanton, the current Director, Communications & Outreach at Southwest. *See* Motion, Doc. Nos. 14-1 & 14-3. Blanton attached to her declaration an apparent copy of Southwest's Alternative Dispute Resolution Program ("ADR Program"). *See* Motion, Doc. No. 14-3. The effective date of this apparent ADR Program was July 24, 2015 and was signed by Julie Weber, Vice President of Southwest Airlines People Department. In support of Defendant's Motion here, Southwest submitted a declaration from Vincent Vasquez, the current Analyst, Digital Workplace Solutions at Southwest. *See* Motion, Doc. No. 14-5. Vasquez attached to his declaration also an apparent copy of Southwest's Alternative Dispute Resolution Program which is materially different than the ADR Program submitted in the *Battles* action. *Id*. However, there is no effective date to this supposed ADR Program but it was signed by the same individual, Julie Weber, as in the *Battles* action. *Id.* Although Plaintiff alleges that she is exempt from any ADR Program pursuant to § 1 of the FAA, discovery is needed to clarify why two materially different[2] alleged ADR Programs were submitted here, supporting similar motions to dismiss in favor of arbitration, covering the same alleged putative class, covering the same period of time and for the

---

[1] Solely for clarification purposes, the Parties in the *Battles* action stipulated to the dismissal of the lawsuit in favor of individual arbitration pursuant to the Parties mediation agreement, and not pursuant to any alternative dispute resolution program. *See* Motion, Doc. No. 14-2.

[2] For example, interestingly, the alleged ADR Program submitted in this case encompasses a vast number of claims not mentioned in the alleged ADR Program submitted in the *Battles* action, including, but not limited to, claims arising under the Illinois Biometric Information Privacy Act ("BIPA"). *See* Motion, Doc. No. 14-5. Covered claims in the *Battles* alleged ADR Program only includes wage and hour claims and claims under state or local leave laws. *See* Motion, Doc. No. 14-3.

same alleged claims. As noted above, the alleged ADR Program submitted here is undated, which in and of itself, requires discovery to clarify the issue.

Furthermore, Defendant submitted a declaration from Michelle Jordon, the current Senior Director Daily Operations Labor for Southwest, averring to alleged restriction of duties of ramp supervisors, including Plaintiff, that contradict the allegations asserted in the Complaint, in an attempt to avoid the exemption under the FAA. Again, at the very least, the factual record is ambiguous and unclear on this matter which warrants venue-related discovery.

Because Defendant's entire Motion and all supporting extraneous exhibits in support thereof are based on Fed. R. Civ. Pro. 12(b)(3), improper venue, not allowing limited venue-related discovery here would unjustly prejudice Plaintiff. The purported facts and supporting documents referenced by Vasquez, Jordan and Blanton are in the sole possession of Defendant. This information includes documents, data and testimony relating to, among other things, Defendant's assertion that venue is improper based on some ADR Program release and Defendant's assertion that the transportation exemption of the FAA does not apply to Plaintiff. Accordingly, this Court should order Defendant to respond to Plaintiff's forthcoming limited venue-related written discovery and order Vasquez and Jordan to appear for deposition before Plaintiff responds to Defendant's Motion.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, Plaintiff, Latrice Saxon, on behalf of herself and others similarly situated, requests that this Court grant her Motion and compel limited venue-related discovery.

Respectfully Submitted,

*/s/ Andrew C. Ficzko*
One of the Attorneys for Plaintiff

6

        Ryan F. Stephan
        James B. Zouras
        Andrew C. Ficzko
        STEPHAN ZOURAS, LLP
        100 N. Riverside Plaza, Suite 2150
        Chicago, Illinois 60606
        (312) 233-1550
        aficzko@stephanzouras.com

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on May 8, 2019, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

    */s/ Andrew C. Ficzko*