IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRICE SAXON, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:19-cv-00403 |
| v. | ) ) ) Honorable Robert M. Dow, Jr. |
| SOUTHWEST AIRLINES CO., | ) ) |
| Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF SOUTHWEST'S
RENEWED MOTION TO STRIKE COLLECTIVE ACTION ALLEGATIONS**

Defendant Southwest Airlines Co. ("Southwest") respectfully submits this memorandum in support of its Renewed Motion to Strike Collective Action Allegations from Plaintiff Latrice Saxon's Collective Action Complaint pursuant to Federal Rule of Civil Procedure 12(f). Southwest filed its Motion to Strike Collective Action Allegations on August 3, 2021 (Dkt. 54-55). That motion was subsequently stricken without prejudice pending a final decision by the Supreme Court in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783 (2022), with leave to file *instanter* if necessary (Dkt. 68). The Supreme Court affirmed the Seventh Circuit's opinion. *Saxon*, Slip Op. at 11. Southwest is filing this Renewed Motion to Strike to include a discussion of: (i) the Supreme Court's opinion; and (ii) supporting case law decided since Southwest's original motion.

**I.     Plaintiff waived her ability to bring a collective action.**

On June 6, 2022, the Supreme Court held that Plaintiff was an airplane cargo loader, and extended the FAA Section 1 exemption to her.[1] *Id.* The Supreme Court's opinion, however, changes nothing about the enforceability of Plaintiff's collective action waiver, which is governed

---

[1] References to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, have been condensed to "FAA" throughout.

by existing Supreme Court precedent and the Seventh Circuit's opinion stating the agreement may be otherwise enforced under Illinois law, discussed below.

The United States Supreme Court has made clear that a party may waive its ability to bring a class or collective action. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1628 (2018). Specifically, the *Epic* opinion noted "[n]othing in our cases indicates that [a federal law] guarantees class and collective action procedures." *Id.*; *see also Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 229 (2013) (in context of class action, Rule 23 does not "establish an entitlement to class proceedings for the vindication of statutory rights"). Further, the Supreme Court recognizes that "arbitration agreements with class action waivers [are] on the exact same footing as contracts that bar class action litigation outside the context of arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 338 (2011) (emphasis in original); *see also Am. Express Co.*, 570 U.S. at 239 (regimes that bypass bilateral agreements to arbitrate are impermissible "judicially created superstructure[s]" that "destroy the prospect of speedy resolution" that arbitration secures). Because class and collective action waivers are on the "exact same footing" as other contracts, a party may "contract to depart from [class and collective action rules] in favor of individualized arbitration procedures of their own design." *Epic Sys. Corp.*, 138 S. Ct. at 1626 (upholding validity of class and collective action waivers); *Saxon v. Southwest Airlines Co.*, 993 F.3d 492, 502 (7th Cir. 2021) ("Saxon could still face arbitration under state law.") (emphasis added).

Plaintiff entered into such a valid and enforceable class and collective action waiver with Southwest, and she did so not once or twice, but four separate times. Although Plaintiff, through her "Collective Action Complaint," purports to bring collective action claims under the Fair Labor Standards Act ("FLSA"), her four agreements preclude her from asserting or maintaining class or

2

collective action claims of any kind. *See* Dkt. 71-1, Vasquez Decl. at ¶¶ 6-10, 12, Exs. 1-3.[2]

Plaintiff first executed a collective action waiver in 2017, which provides:

> g. <u>Waiver of Class/Collective Actions</u>
>
> An ADR Employee may not bring an Arbitration as a class or collective claim … There shall be no right or authority for any dispute whatsoever to be brought, heard or arbitrated as a class, collective or representative action, or for an ADR Employee to participate as a class member in any purported class, collective or representative action. If any court determines for any reason that this ADR Program is not binding or otherwise allows any litigation of any Covered Claim, the ADR Employee and Southwest Airlines expressly waive any and all rights to participate in a class or collective action proceeding in a court of law.

*See id.* ¶ 12, Ex. 2 at ¶ 4(g). In 2018, 2019, and 2020, Plaintiff executed a collective action waiver that provides:

> g. <u>Waiver of Class/Collective Actions</u>
>
> Both Southwest Airlines and the ADR Employee are prohibited from filing, joining, opting into, consenting to, intervening in, or otherwise becoming a party to any judicial action or Arbitration that is brought on a class, collective, representative, or aggregate basis that in any way relates to a Covered Claim … There shall be no right or authority for any dispute whatsoever that in any way relates to a Covered Claim to be brought, heard or arbitrated as a class, collective or representative action, or for Southwest Airlines or an ADR Employee to participate as a class member in any purported class, collective or representative action that in any way relates to a Covered Claim. If any court determines for any reason that this ADR Program is not binding or otherwise allows any litigation of any Covered Claim, the ADR Employee and Southwest Airlines expressly waive any and all rights to participate in a class or collective action proceeding in a court of law.

*See id.* ¶ 12, Ex. 1 at ¶ 4(g); Ex. 3 at ¶ 4(g).

The executed 2017, 2018, 2019 and 2020 collective action waivers include an express waiver of "any and all rights to participate in a class or collective action proceeding in a court of

---

[2] Southwest has filed a Renewed Motion to Compel Arbitration under state law contemporaneously with this Renewed Motion to Strike. Mr. Vasquez's Declaration is filed as an attachment to Southwest's Motion to Compel Arbitration (Dkt. 71-1). Both Southwest's Renewed Motion to Compel and Mr. Vazquez's Declaration are incorporated herein by reference.

3

law" in the event a court "otherwise allows any litigation of any Covered Claim." *See supra*; *see also* Dkt. 71-1, Vasquez Decl., Exs. 1-3. Plaintiff has waived—four times—any ability to maintain a collective action before this Court under any circumstances. The ADR Program also makes the collective action waiver non-severable, and its validity can only be determined by a court. Dkt. 71-1, Vasquez Decl. at ¶ 13. As such, the waiver is ripe for assessment by this Court.

### II. Plaintiff's collective action allegations must be stricken from her Complaint.

Rule 23(d)(1)(D) specifically authorizes a court to strike class allegations, so some courts prefer to address motions to strike through that lens. *See, e.g.*, *Valentine v. WideOpen W. Finance, LLC*, 288 F.R.D. 407, 414 (N.D. Ill. 2012) (explaining that courts are authorized to entertain a motion to strike pursuant to Rule 23(d)(1)(D)); *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ("[G]iven that Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified '[a]t an early practicable time,' courts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained."). However, Rule 23 is not applicable to this FLSA collective action, so any procedural preferences among different courts are inapplicable. Rule 12(f) is the best vehicle to strike Plaintiff's collective action allegations, and the Court can easily do so.

Rule 12(f) provides that this Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts in this District strike class allegations under Rule 12(f) when they are facially deficient, or when it is otherwise clear early in the litigation that the class claims cannot proceed. *Connectors Realty Group Corp. v. State Farm Fire & Cas. Co.*, No. 19 C 743, 2021 WL 1143513, at *2-3 (N.D. Ill. Mar. 25, 2021) ("If the class allegations in the complaint are facially and inherently deficient, a

motion to strike class allegations can be an appropriate device to determine whether the case will proceed as a class action.") (citation cleaned up); *Jones v. BRG Sports, Inc.*, No. 18 C 7250, 2019 WL 3554374, at *3-4 (N.D. Ill. Aug. 1, 2019) ("[T]he Court will consider the motion to strike on its merits bearing in mind that the plaintiffs have not yet been allowed to conduct any discovery."); *see also* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1383 ("Using the motion to strike . . . is appropriate because overbroad or unsupportable class allegations bring 'impertinent' material into the pleading and because permitting such allegations to remain would prejudice the defendant by requiring the mounting of a defense against claims that ultimately cannot be sustained.").

The same principle as in class actions applies here, particularly when Rule 23 is not applicable to collective action allegations, and on their face, Plaintiff's collective action allegations are facially deficient given her repeated waiver of any ability to bring or maintain a collective action.[3]

Using these principles, courts have stricken (or outright dismissed) collective and class action allegations when contractual waiver exists. *See, e.g.*, *Bailey v. Vulcan Materials Co.*, No. 1:21-cv-0998, 2021 WL 5860743, at *8 (N.D. Ga. Nov. 16, 2021) (dismissing FLSA collective action claims, and denying motion to strike as moot, where plaintiff signed collective action waiver); *Vaughn v. Pittsburgh Fondue, LLC*, No. 2:19-cv-01104, 2021 WL 2952902, at *12 (W.D. Pa. July 14, 2021) ("[T]he Court finds that Plaintiff executed an enforceable class and collective

---

[3] Courts generally consider documents incorporated into the pleadings by reference, which includes Plaintiff's employment agreement. *Jones*, 2019 WL 3554374, at *4 ("[T]he motion to strike analysis should—at least where the motion is filed at this early a stage of the litigation—be limited to the face of the pleadings and documents incorporated by inclusion or reference."). In addition, it bears noting that Plaintiff is not unique in her inability to bring a collective action on behalf of other Southwest Ramp Supervisors. All Ramp Supervisors at Southwest enter into the same arbitration agreement. As such, any other Ramp Supervisor's efforts would be similarly futile. *See* Dkt. 71-1, Vasquez Decl. at ¶¶ 6-8.

action waiver, and that Plaintiff thus cannot proceed with a class or collective action complaint or state a plausible class or collective action claim against Defendants because she waived her right to participate in a class or collective action and has also waived her ability to serve as a class representative with respect to the present lawsuit."); *Martin v. CB Rests., Inc.*, No. 5:20-CV-1334, 2021 WL 2701952, at *7-8 (W.D. Tex. Mar. 12, 2021) (striking collective action allegations given the "Supreme Court's holding in *Epic Systems*" and because plaintiff's "agreement and its components were supported by valid consideration"); *see also Castellanos v. Raymours Furniture Co.*, 291 F. Supp. 3d 294, 302 (E.D.N.Y. 2018) ("[B]ecause the [Employee Arbitration Program] provides that claims 'cannot be litigated' on a class basis, the Court grants defendant's motion to strike the complaint's class allegations."); *and see Camilo v. Uber Techs., Inc.*, No. 17-cv-9508, 2018 WL 2464507, at *3 (S.D.N.Y. May 31, 2018) (granting motion to strike class allegations because plaintiff signed an arbitration agreement that "contains a class waiver").

Here, Plaintiff signed—on four separate occasions—an enforceable collective action waiver in consideration of her continued employment with Southwest and Southwest's mutual agreement to submit disputes involving Plaintiff to binding arbitration. *See* Southwest's Renewed Mot. to Compel Arbitration, Dkts. 70-71 (establishing Plaintiff's enforceable agreement).[4] Plaintiff has therefore waived any ability to bring, maintain, or even participate in a collective action. Not only is Plaintiff precluded from bringing and maintaining collective action claims, she cannot be a party to any collective action claims, and thus cannot act on a representative basis as she seeks to do here. Dkt. 71-1, Vasquez Decl., Exs. 1-3. Accordingly, Plaintiff's collective action allegations must be stricken.

---

[4] Plaintiff has long conceded that as a Southwest Ramp Supervisor, she signed an otherwise enforceable agreement. *Saxon v. Southwest Airlines Co.*, No. 19-cv-0403, 2019 WL 4958247, at *2 (N.D. Ill. Oct. 8, 2019).

### III. Ramp Supervisors do not make up a viable "collective class."

Plaintiff purports to bring her collective action on behalf of all similarly-situated "ramp supervisors . . . who were not properly compensated for all time worked . . . ." Dkt. 1, ¶¶ 21-22. On its face, the "collective class" (*id.* ¶ 22) appears to be nation-wide. The problem with Plaintiff's proposed collective class is that determining who is "similarly situated" requires a state-by-state, location-by-location, and individual-by-individual analysis of the enforceability of each Ramp Supervisor's agreement to arbitrate.

Southwest operates in more than 100 cities across the United States. All of these Ramp Supervisors, in all locations, sign Southwest's arbitration agreement and class and collective action waiver. Dkt. 71-1, Vasquez Decl. at ¶¶ 6-8. Central to the Supreme Court's holding regarding FAA applicability was the fact that Saxon was found to have engaged in the loading and unloading of baggage (a fact Southwest disputes). *See Saxon*, Slip Op. at 11. Therefore, any enforceability analysis regarding the arbitration agreement requires an individual-by-individual determination as to whether any given Ramp Supervisor is engaged in the loading and unloading of baggage or cargo. Determining who is a member of the proposed "collective class" will require the Court to make a substantive determination about the Ramp Supervisors at each airport where Southwest operates. Plaintiff's collective action allegations are deficient for this reason as well, and these deficient allegations provide an additional basis for the Court to strike them from the Complaint.

### IV. Conclusion.

For these reasons, Southwest respectfully requests that the Court strike Plaintiff's collective action allegations from her Complaint.

Dated: July 6, 2022                                   Respectfully submitted,

                                                                SOUTHWEST AIRLINES CO.

                                                                By: */s/ Melissa A. Siebert*
                                                                      One of Its Attorneys

                                                               Melissa A. Siebert (masiebert@shb.com)
                                                               Kathleen M. Ryan (kxryan@shb.com)
                                                               SHOOK, HARDY & BACON LLP
                                                               111 S. Wacker Drive, Suite 4700
                                                               Chicago, Illinois 60606
                                                               Telephone: (312) 704-7700
                                                               Facsimile: (312) 558-1195

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

*/s/ Melissa A. Siebert*