**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LATRICE SAXON, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:19-cv-00403 |
| v. | ) ) | Honorable Robert M. Dow, Jr. |
| SOUTHWEST AIRLINES CO., | ) ) | |
| Defendant. | ) | |

**SOUTHWEST'S REPLY IN SUPPORT OF RENEWED MOTION TO STRIKE**

Plaintiff Latrice Saxon has signed valid agreements waiving her right to bring or maintain a collective action against her employer, Southwest Airlines Co. ("Southwest"). Dkt. 71-1, Vasquez Decl. at ¶¶ 6-12, Exs. 1-3.[1] Southwest has continuously asserted that Plaintiff cannot maintain her Fair Labor Standards Act ("FLSA") claims through the collective action mechanism, because she is "prohibited from filing or joining" a collective action. Dkt. 14 at 3, 11. This fact comes as no surprise to Plaintiff, as her arbitration agreement with Southwest ("ADR Program" or "ADR Agreement") "waives [her] rights to the judicial process, including but not limited to . . . having such complaints, disputes and claims determined on a class-wide or collective basis." Dkt. 71-1, Vasquez Decl. at ¶¶ 6-10, Exs. 1-3, ¶ 4(g). All Southwest is doing is enforcing Plaintiff's waiver via a motion to strike her collective action allegations, a motion the Court should grant.

There is one inevitable outcome here. Plaintiff's collective action waiver is enforceable. Even if it were not, however, the bottom line is that Plaintiff seeks to represent, and ultimately certify, a collective action that can never be certified. Any attempt by Plaintiff to proceed with her

---

[1] Exhibit citations refer to the exhibits attached to Southwest's Memorandum of Law in Support of its Motion to Compel Arbitration (Dkt. 71).

claims on a collective basis will result in Southwest enforcing the collective action waiver of each opt-in plaintiff because Southwest has not waived its rights with respect to Plaintiff or any putative opt-in plaintiffs. Plaintiff is doing a serious disservice to the purported opt-in plaintiffs by repeatedly (and falsely) asserting that any alleged FLSA claims can be brought in a collective manner, despite each putative plaintiffs' collective action waiver.[2]

## I.     Southwest Has Not Waived the Right to Bring Its Motion.

Plaintiff's response asserts that Southwest has "waived" a Rule 12(f) argument under Federal Rule of Civil Procedure 12 ("Rule 12"), but Rule 12 is not an argument—it is a civil procedure rule. Southwest has always asserted that Plaintiff's collective action allegations must be dismissed. In its motion to dismiss, filed **April 8, 2019**, Southwest argued that the ADR Agreement "prohibits Saxon from engaging in representative proceedings" and therefore "her collective action against Southwest must be dismissed." *See* Dkt. 14 at 11. Shortly after Southwest's original dismissal filing, the Court ordered the briefing to proceed solely on the "threshold issue" of Federal Arbitration Act ("FAA") Section 1 applicability. *See* Dkt. 26. The remaining portions of Southwest's Motion to Dismiss, including its argument that Plaintiff cannot bring a collective action, were reinstated following the Seventh Circuit's decision (Dkt. 52-55), then stricken with leave to refile with any revisions following the Supreme Court's decision. *See* Dkt. 68, 76. Southwest has elected to file this portion of its motion as a Rule 12(f) motion to strike to make clear to Plaintiff, and to any other Southwest supervisory employees, that collective action proceedings are not tenable and cannot be maintained.

---

[2] As noted in the affidavits supporting its original motion, all of Southwest's non-union supervisory employees enter into a contract – the Southwest ADR Program. This Program prohibits employees, such as Plaintiff, from "filing, joining, opting into, consenting to, intervening in, or otherwise becoming a party to any judicial action or Arbitration that is brought on a class, collective, representative, or aggregate basis . . . ." Dkt. 71-1, Vasquez Decl. ¶¶ 6-12, Ex. 1-3, ¶ 4(g).

Plaintiff's rule-based arguments to the contrary lack merit. Southwest has always maintained that Plaintiff cannot use the procedural mechanism of a collective action to pursue her FLSA claims. *See* Dkt. 14 at 3, 11. As such, Rule 12(h) does not apply. That rule applies to specific defenses set forth in 12(b) that are waived if not timely presented. Fed. R. Civ. P. 12(h).[3] Rule 12(f) motions to strike are not included within 12(h).

Rule 12(g) is equally inapplicable. Rule 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *Id.* at 12(g)(2). By its plain terms, Rule 12(g) only applies if the defense or objection was available but omitted. Southwest has not omitted anything, as it raised Plaintiff's waiver of the collective action mechanism in its initial Motion to Dismiss or Stay in Favor of Arbitration, noting that Plaintiff's ADR Agreement(s) contained a waiver provision, and asserting that her collective action request should be "dismissed." Dkt. 14 at 3, 11 (because the ADR Agreement "prohibits Saxon from engaging in representative proceedings, her collective action . . . must be dismissed"). Plaintiff's argument to the contrary puts form over substance; whether on a dismissal request or a motion to strike, she has waived her collective action claims, a fact the Court implicitly recognized when it dismissed her lawsuit with prejudice, in favor of <u>individual</u> arbitration. Dkt. 30; *see also Vaughn v. Pitt. Fondue, LLC*, No. 2:19-01104, 2021 WL 2952902, at *12 (W.D. Pa. July 14, 2021).

Moreover, this Court and others have recognized that strict adherence to Rule 12(g)(2) is neither warranted nor required when a motion advances judicial efficiency, and that permitting

---

[3] Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1391 ("[T]he threshold defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process … are waived if they are not included in a preliminary motion under Rule 12 as required by Rule 12(g) or, if no such motion is made, they are not included in the responsive pleading.") (citations omitted).

Rule 12 motions is well within the Court's discretion. *Motta & Motta LLC v. Lawyers 777, LLC*, No. 18-cv-5811, 2020 WL 1433816, at *3 (N.D. Ill. Mar. 24, 2020) (even where courts disagree with the Seventh Circuit about successive Rule 12 motions, "courts regularly and properly use their discretion"); *see also Carelogistics, LLC v. Catholic Health Partners*, No. 1:13-cv-1929-WBH, 2014 WL 12543912, at *2 (N.D. Ga. July 30, 2014) ("the objective of [Rule 12(g)(2)] is to eliminate unnecessary delay" such that determination of a successive Rule 12 motion advances the cause of judicial efficiency). The same principles are true here—allowing Plaintiff to equitably toll the claims of putative collective action members (as she seeks to do (*see* Dkt. 78)), or to engage in undefined discovery regarding the merits of potential collective action claims (as she argues (*see* Dkt. 83 at 3, 7))—would unnecessarily expand these proceedings in a manner not permitted by any Southwest ADR Agreements, including Plaintiff's Agreement and those of the other Southwest non-union supervisors whom she seeks to represent.

In any event, under Rule 12(f), the Court has complete discretion to strike any material from a lawsuit "on its own" at any time. Fed. R. Civ. P. 12(f)(1). The Seventh Circuit has noted: "Courts have read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case, reasoning that it is considering the issue of its own accord[.]" *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (collecting cases); *see also Sojo's Studios, Inc. v. Citizens Ins. Co. of Am.*, No. 20 C 4780, 2021 WL 837623, at *2 (N.D. Ill. Mar. 4, 2021); *CFIT Holding Corp. v. Twin City Fire Ins. Co.*, No. 20 C 3453, 2020 WL 6273489, at *1 (N.D. Ill. Oct. 26, 2020).

## II.     Plaintiff's Collective Action Allegations Are Appropriately Stricken.

None of Plaintiff's arguments as to why Rule 12(f) should not be used to strike her collective allegations carries the day. First, Plaintiff asserts that motions to strike class/collective allegation are disfavored because certification requires discovery and assessment of the merits of

the underlying allegations. Dkt. 83 at 6-7. Southwest, however, is making a facial challenge, not a merits-based one. Plaintiff cannot refute that courts use Rule 12(f) motions to strike class and collective action allegations when it is clear the claims cannot survive as such. *See, e.g.*, *Connectors Realty Group Corp. v. State Farm Fire & Cas. Co.*, No. 19 C 743, 2021 WL 1143513, at *2-3 (N.D. Ill. Mar. 25, 2021) ("If the class allegations in the complaint are facially and inherently deficient, a motion to strike class allegations can be an appropriate device to determine whether the case will proceed as a class action.") (citation omitted). Here, Southwest is asking the Court to strike Plaintiff's collective action allegations because she and the fellow non-union supervisors whom she seeks to represent have waived the right to bring or participate in collective action proceedings. This is a challenge to the facial sufficiency of the allegations themselves, which is an appropriate basis for filing a Rule 12(f) motion to strike. *See* Fed. R. Civ. P. 12(f).

Plaintiff then claims Southwest is somehow trying to strike her collective action allegations under Federal Rule of Civil Procedure 23, which is simply not true.[4] All Southwest argues is that courts strike collective action and class action allegations at an early juncture, particularly when a plaintiff has signed an arbitration agreement containing a waiver of class or collective action claims. *See* Dkt. 73 at 5-6. Against this great weight of authority, Plaintiff cites only a single case, *Dae Sub Choi v. Sushi Maru Express Corp.*, CV175230MCAMAH, 2018 WL 5630760 (D.N.J. Oct. 30, 2018), which involved a motion to consolidate. While the *Dae Sub Choi* case noted in a

---

[4] Plaintiff incorrectly states that Southwest asks the Court to apply Rule 23(d)(1)(D) to strike her collective action allegations. Dkt. 83 at 6. In fact, Southwest specifically notes that Rule 23 is not applicable, and that Rule 12(f) is the appropriate vehicle. Dkt. 73 at 4-5. Regardless of the (at present, irrelevant) differences between class and collective actions that involve certification standards and opt-in procedures, courts rid cases of both class and collective action allegations when it becomes clear they cannot survive. *See Vaughn*, 2021 WL 2952902, at *2 (on motion to dismiss, strike, or alternatively for summary judgment, dismissing both "class and collective" action allegations); *see also Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F. Supp. 2d 886, 891-82 (N.D. Ill. 2011) (noting opt-in/opt-out differences between "class" and "collective" actions but holding plaintiff was prohibited from participating in either).

footnote that the impact of a collective action waiver could be decided "later," there was no Rule 12(f) motion to strike the allegations pending before the court, and thus nothing for the court to strike. *Id.* at n.2.

Additionally, Plaintiff erroneously contends that Southwest bears a substantive burden of showing that her collective action allegations have no possible connection to the subject matter of her claims, and could cause prejudice.[5] Southwest's burden is to show that the collective action allegations are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Facially unsupportable class allegations, such as Plaintiff's, are stricken under Rule 12(f) because they bring "impertinent" material into the pleading. *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1092 (8th Cir. 2021) ("We agree with the Sixth Circuit that a district court may grant a motion to strike class-action allegations prior to the filing of a motion for class-action certification. It is sensible to permit class allegations to be stricken at the pleading stage if it is apparent from the pleadings that the class cannot be certified because unsupportable class allegations bring 'impertinent' material into the pleading."). As *Donelson* notes, permitting such allegations to remain prejudices defendants by requiring the mounting of a defense against unsustainable claims. *Id.*; *see also* Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1383 ("Using the motion to strike . . . is appropriate because overbroad or unsupportable class allegations bring 'impertinent' material into the pleading and because permitting such allegations to remain would prejudice the defendant by requiring the mounting of a defense against claims that ultimately cannot be sustained.").

---

[5] Plaintiff also ignores the case law Southwest cites where courts strike class actions as facially invalid – none of these decisions apply Plaintiff's proposed standard. *See* Dkt. 73 at 5-6.

### III.    Plaintiff's Collective Action Waiver Is Enforceable.

Contrary to Plaintiff's assertion, collective action waivers do not circumvent FLSA rights, because "while FLSA prohibits <u>substantive</u> wage-and-hour rights from being contractually waived, it does not prohibit contractually waiving the <u>procedural</u> right to join a collective action." *Copello*, 812 F. Supp. 2d at 894 (emphasis original). As *Copello* notes, the "FLSA does not grant employees the unwaivable right to proceed in court collectively under § 216(b)." *Id*. (collecting cases).

The cases Plaintiff cites do not change the analysis here, which leads to the inevitable conclusion that Plaintiff can, and has, waived the procedural mechanism of the collective action in her signed ADR Agreement. *Quinn v. Auto Injury Solns., Inc.*, 1:20-cv-1966, 2020 WL 9397520 (N.D. Ill. Nov. 24, 2020) involved a post-employment release of FLSA substantive rights, which the defendant tried to convince the court to read as a collective action waiver. The *Quinn* court declined to do so, noting, "there is no language waiving FLSA collective actions in [plaintiff's] release." *Id*. at *3. *Killion v. KeHE Distrib., LLC*, 761 F.3d 574 (6th Cir. 2014) is similarly inapplicable. *Killion* noted that the prevailing case law supports enforcing collective action waivers when an arbitration agreement is involved, and that its analysis would have changed if the separation agreements at issue in *Killion* had contained arbitration clauses. *Id*. at 592.

Further, Plaintiff mischaracterizes the United States Supreme Court's decision in *Epic Systems*. Plaintiff argues the applicability of the FAA determines whether certain policy interests exist to enforce parties' arbitration agreements as written. *See* Dkt. 83 at 13. They exist regardless. *Epic Systems* makes clear a party may waive its ability to bring a class or collective action. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1628 (2018) (no guarantee of class or collective action procedures). Even given that the FAA does not govern Plaintiff's ADR Agreement, a policy still

exists in favor of enforcing arbitration agreements according to the "parties' chosen arbitration procedures." *Contra* Dkt. 83 at 13. In keeping with the policy concerns *Epic Systems* broadly upheld, Illinois courts applying Illinois law enforce contracts as written, respecting the arbitration procedures that parties choose. *See, e.g.*, *Technomatic, S.p.A. v. Cave*, No. 1-16-1908, 2018 WL 683821, at *11 (Ill App. 1st Dist. 2018) (Illinois public policy favors freedom of contract, judicial enforcement of contracts as written, and a preference for arbitration over litigation (collecting cases)). Here, the parties have chosen the same arbitration procedures four times. Policy undoubtedly favors enforcement.[6]

In a last-ditch effort to evade her obligation to individually arbitrate her claims, Plaintiff repeats an argument from her response to Southwest's motion to compel arbitration under state law, wrongly contending that Southwest's ADR Agreement is "substantively unconscionable." Dkt. 83 at 8. Southwest has fully addressed Plaintiff's contention that limited discovery (or no discovery), which is a "hallmark" of arbitration and which is within the discretion of the arbitrator, not this Court, to control, does not render its ADR Agreement unconscionable. Dkt. 86 at 5-7. Southwest also has fully refuted Plaintiff's cost-based argument—the ADR Agreement requires Southwest to bear the costs of the arbitration and administrative fees (*id.* at 7), which are the only aspects of arbitration costs that have concerned courts. *See id.* Any motions regarding the cost to enforce its agreement are also within the purview of an arbitrator, not this Court. *Id.*[7]

---

[6] Plaintiff's reference to the *Prince v. Battles* dispute has no bearing on whether Plaintiff's collective action waiver is enforceable. Emanuel Prince sued a former Southwest ramp supervisor for defamation in a private action. "Southwest" was not a party to Mr. Prince's litigation at all. Mr. Battles counter-sued Mr. Prince as his "employer" under the FLSA. A private lawsuit between two citizens is not subject to Southwest's ADR Agreement; Mr. Battles' FLSA claims against his "employer" were. For this reason, the circuit court dismissed Mr. Battles' counterclaim with prejudice.

[7] Plaintiff's description of Southwest's General Counsel preparing a "joint request for arbitration" suggests Southwest prepares an arbitration demand or complaint against itself. That is a significant misrepresentation, as Plaintiff's counsel is well aware. Plaintiff's counsel has represented claimants in at least nine individual proceedings against Southwest under ADR Agreements. The ADR Agreement in no

Plaintiff's remaining unconscionability arguments are just plain wrong. Most dangerously, Plaintiff claims the Supreme Court's decision that the FAA does not govern Plaintiff's ADR Agreement means there is no reason to enforce the collective action waiver. Dkt. 83 at 13. All the Supreme Court held is that Plaintiff's particular agreement cannot be enforced under the FAA—but Plaintiff's agreement remains enforceable under state law. *See Saxon v. Southwest Airlines Co.*, 993 F.3d 492, 502 (7th Cir. 2021) ("Saxon could still face arbitration under state law.") (emphasis added). Also contrary to Plaintiff's assertions, her ADR Agreement imposes mutual arbitration obligations, as Southwest must arbitrate any claims related to "legal disputes and legal claims by and between an ADR Employee and Southwest Airlines." Dkt. 71-1, Vasquez Decl., Ex. 1, p. 2 (emphasis added).

Judges in this District have flatly rejected conjecture that plaintiffs should be permitted to void individual arbitration agreements because counsel may not be interested in representing them in individual arbitrations. *See Copello*, 812 F. Supp. 2d at 896 (rejecting unconscionability argument on this ground and noting the "magnitude of Copello's claimed damages, together with the attorney fee provision, leaves Copello eminently capable of attracting counsel to help vindicate her individual claims"). The same is true here. Plaintiff is seeking in excess of $75,000 in damages, plus attorneys' fees, both of which are recoverable under Southwest's ADR Agreement. Dkt. 71-1, Vasquez Decl., Ex. 1, pp. 2-6. Her own counsel has previously stipulated to individually arbitrate the FLSA claims of her fellow Ramp Agent Supervisors. *See Battles et al. v. Southwest Airlines Co.*, No. 18-cv-04822 (N.D. Ill.) at Dkt. 29, ¶ 5 (stipulating that dismissal was appropriate in favor of individual arbitration for FLSA claims "in accordance with the Southwest Airlines Dispute Resolution program").

---

way gives Southwest's General Counsel the power to control the "nature of the claim" or the "amount of the claim." Plaintiff's suggestions to the contrary are false.

Finally, the provisions of the ADR Agreement that Plaintiff points to as "unconscionable" would not serve to void the collective action waiver itself. The ADR Agreement's provisions on costs and discovery are required to be reformed to be enforceable, or severed such that the remaining portions of the Agreement, including the collective action waiver, can be enforced. Dkt. 71-1, Vasquez Decl., Ex. 1, p. 8.

## CONCLUSION

For the reasons above, as well as those set forth in Southwest's Renewed Motion to Strike Collective Action Allegations, Southwest respectfully requests that the Court strike Plaintiff's collective action allegations from her Complaint.

Dated: September 6, 2022

Respectfully submitted,

SOUTHWEST AIRLINES CO.

By: /s/ *Melissa A. Siebert*
    One of Its Attorneys

Melissa A. Siebert (masiebert@shb.com)
Kathleen M. Ryan (kxryan@shb.com)
SHOOK, HARDY & BACON LLP
111 S. Wacker Drive, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 704-7700
Facsimile: (312) 558-1195

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

/s/ *Melissa A. Siebert*