UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRICE SAXON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 19-cv-00403 |
| ) | Judge Sharon Johnson Coleman |
| v. ) ) | |
| SOUTHWEST AIRLINES CO., ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Southwest Airlines Co.'s ("Southwest") renewed motion to compel arbitration [70] and renewed motion to strike collective action allegations [72], as well as plaintiff's renewed motion to equitably toll the statute of limitations for all putative members of the FLSA collective action [78]. For the reasons discussed below, the Court grants Southwest's motion to compel arbitration and strikes the remaining motions as moot.

**Background**

Like many of defendant's customers, this case is well traveled. Since Saxon first filed her complaint in June 2019, the parties have litigated before Judge Dow, twice before the Seventh Circuit Court of Appeals, and before the U.S. Supreme Court. Most recently, the parties argued the three pending motions before this Court. To provide context for these motions, the Court will provide a brief overview of the history of this case.

Saxon was, and still is, a ramp supervisor for Southwest. It is undisputed that Saxon signed an Alternative Dispute Resolution Program ("ADR") contract each year from 2017–2020. The ADR contains provisions requiring Southwest employees to individually arbitrate their claims, as well as a "waiver of class / collective action" provision, mandating that no claim be brought as a

1

class action in judicial action or arbitration.[1] Nonetheless, in June 2019, Saxon filed her Fair Labor Standards Act ("FLSA") claim, under 29 U.S.C. § 201 *et seq.*, in federal court on behalf of herself and a class of similarly situated individuals. She claimed that Southwest required ramp supervisors to work before the start and during the meal breaks of their scheduled shifts but failed to pay them for this time.

Four months later, Southwest moved to dismiss or stay the case in favor of arbitration. Pursuant to Rule 12(b)(3), Southwest argued that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, required Saxon to arbitrate her claims and that federal court was thus the improper venue for the suit. Southwest also contended that class claims must be dismissed because the ADR prohibits Saxon from bringing class claims. Saxon responded to this motion by requesting discovery, arguing that she was exempt from arbitration under Section 1 of the FAA, which provides that "nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or *any other class of workers engaged in foreign or interstate commerce*." 9 U.S.C. § 1 (emphasis added). Judge Dow subsequently ordered that discovery and briefing be limited to one issue: whether Saxon qualified for this exemption. On October 8, 2019, Judge Dow found that Saxon was not exempt and was required to arbitrate her claims.

Saxon appealed this decision to the Seventh Circuit. The parties subsequently argued the issue before two different appellate panels,[2] who ultimately held that Saxon qualified for the FAA exemption. *See Saxon v. Southwest Airlines Co.*, 993 F.3d 492 (7th Cir. 2021). Upon remand, the

---

[1] At the time Saxon filed her claim, the ADR set forth that "this Agreement is governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*" (Dkt. 14-5.) Since Plaintiff filed suit, this language has since been changed to read: "[t]o the extent the FAA is deemed not to apply (e.g., you are found to be exempt from the FAA), the Agreement shall be enforceable under the law of the State of your primary work location." (Dkt. 71-1.) In their briefing, the parties treat the relevant agreement as the July 2019 agreement, found at Dkt 71-1.
[2] Justice Amy Coney Barrett was on the original panel but was appointed to the Supreme Court before the Seventh Circuit issued its ruling. Instead of deciding by quorum, the Court ordered another argument.

parties filed motions to compel arbitration, strike collective allegations, and toll the statute of limitations. Southwest concurrently appealed the Seventh Circuit decision to the Supreme Court, which granted certiorari. In the interim, Judge Dow struck the motions with leave to refile instanter after the Supreme Court decided the case. In June 2022, the Supreme Court affirmed the Seventh Circuit's opinion in *Southwest Airlines Co. v. Saxon*, 142 S. Ct. 1783, 213 L. Ed. 2d 27 (2022). One month later, the parties filed their renewed motions in the district court.

**Discussion**

Southwest contends that, despite the Supreme Court's ruling, Saxon is still required to arbitrate her claims; but now, Southwest argues that arbitration is required under the Illinois Uniform Arbitration Act ("IUAA"). The parties do not dispute that Saxon signed the ADR agreement nor that the requirements for forming a contract have been met. *See, e.g., Plymouth Tube Co. v. Pilepro Steel, LP*, No. 15-cv-10353, 2017 WL 4707454, at *5 (N.D. Ill. Oct. 19, 2019) (Castillo, J.) (discussing that a contract is enforceable under Illinois law when there has been offer, acceptance and consideration). Saxon, however, maintains that Southwest waived the right to arbitrate under the IUAA because it did not raise this argument in their initial motion to compel arbitration, and, in the alternative, claims that the ADR is unenforceable under Illinois contract law. This Court considers the waiver argument before turning to the merits.

First, Saxon contends that Southwest waived the right to compel arbitration under the IUAA under Federal Rule of Civil Procedure 12. Under the rules, "a party that makes a motion under [Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g). Indeed, Southwest originally brought a motion to dismiss under Rule 12(b)(3) to compel arbitration under the FAA. The Court has reviewed this original motion and agrees with Saxon that it lacks any specific request to compel arbitration under the IUAA. Therefore, had Southwest again moved to

3

dismiss the case pursuant to 12(b)(3), this argument would be waived. But Southwest has not brought a 12(b)(3) motion. Instead, Southwest brought a motion to compel arbitration and stay the case under the IUAA. *See* 710 ILCS 5/2(d) ("Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application therefor has been made under this Section."); *see also Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) ("'[T]he proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright.") (internal citation omitted). While the Seventh Circuit has evaluated motions to compel arbitration under Rule 12(b)(3), *see Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 808 (7th Cir. 2011) (finding that when a district court lacks authority to compel arbitration, such as because the arbitration must occur outside the district, a "Rule 12(b)(3) motion to dismiss for improper venue . . . is the proper procedure"), this case is distinguishable because it does not appear that this Court must dismiss the case. Instead, this Court finds it has the authority to order arbitration under the IUAA and stay litigation in the interim. *See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Westport Ins. Corp.*, No. 08-cv-5543, 2009 WL 528686, at \*8 (N.D. Ill. Feb. 25, 2009) (Darrah, J.) (ordering arbitration pursuant to the IUAA); *Cecala v. Moore*, 982 F. Supp. 609, 613 (N.D. Ill. 1997) (Gettleman, J.) (discussing the court's authority to stay proceedings pending arbitration under the IUAA).

Nonetheless, Saxon makes a more general waiver argument, contending that Southwest's delay in moving to compel arbitration under the IUAA indicated that they had abandoned their right to arbitrate under state law. "Illinois courts will find waiver of a party's right to compel arbitration when a party's conduct is inconsistent with an arbitration clause, thus indicating an abandonment of the right to arbitration." *Woods v Patterson Law Firm, P.C.*, 886 N.E.2d 1080, 1085, 381 Ill. App. 3d 989, 994 (1st Dist. 2008); *see also Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (discussing how courts "must determine that, considering the

4

totality of the circumstances, a party acted inconsistently with the right to arbitrate").[3] In Illinois, a party waives its right to arbitrate by submitting arbitrable issues to a court for decision." *Buss v. Ford Motor Co.*, 2020 Il App. 4th 190386-U, at *5 (4th Dist. Aug. 25, 2020). However, "Illinois courts . . . disfavor a finding of waiver." *Perik v. JP Morgan Chase Bank, U.S.A., N.A.,* 2011 IL App. (1st) 093088-U, at *11 (1st Dist. Dec. 15, 2011). When assessing waiver, courts consider whether there was substantial delaying in requesting arbitration and whether the delay caused prejudice. *See Woods*, 886 N.E. 2d at 1085. Courts ask: did the party "do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration?" *Smith v. GC Servs. Ltd. P'ship*, 907 F.3d 495, 499 (7th Cir. 2018).

Over the course of the past four years, the focus of the dispute has been on the right to arbitrate. Indeed, Southwest has "mentioned its desire to arbitrate at every turn." *Kawasaki*, 660 F.3d at 996. Although there is a case to be made, as Saxon has thoughtfully done, that this state law argument *could* have been brought at the beginning of this case (perhaps preventing the need for years of costly appeals), the Court does not find that this bars Southwest from moving to compel arbitration under the IUAA now. Even though it has taken years, Southwest has been diligently pursuing its right to arbitrate, all the way to the Supreme Court. Southwest focused upon the FAA issue both because the Court ordered limited briefing and because Southwest had proceeded on the reasonable assumption, based on past precedent, that the FAA applied. Therefore, the Court finds that Southwest's delay in raising this argument was reasonable. Furthermore, Southwest had not maintained that it would *never* pursue arbitration under state law. *C.f., Oliveira v. New Prime, Inc.*, 424 F.Supp.3d 206, 213 (D. Mass. 2019) (holding that defendants waived their right to arbitrate under

---

[3] Given that the question presented focuses on the IUAA, the Court reviews waiver under Illinois law. *See Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) (discussing how a federal court applies the forum state's choice of law principles and how Illinois law applies unless an actual conflict with another state's law exists). Both parties agree that Illinois law applies. However, the Court considers Seventh Circuit precedent as well because it treats waiver of the right to arbitrate similarly to Illinois courts.

state law when they maintained that they would not pursue arbitration under state law when pursuing arbitration under the FAA). And no discovery has been conducted in this case, nor has Southwest requested any decision on the merits.[4] As the Seventh Circuit has reflected, "[t]he waiver determination is not based on whether a party has jumped through the proper technical hoops, but rather is a totality-of-the-circumstances analysis that aims to ascertain whether a party intended to abandon the right to arbitrate by submitting a dispute to the courts, or at least acted in such a way." *Id.* at 998; *see also MIA Processing LLC v. Burman*, 2022 Il App (2d) 220269-U, at *4 (2d Dist. Oct. 21, 2022) ("[T]he question is the nature of the issue submitted to the court for consideration, not the form of the filing."). As a result, the Court finds that Southwest has not waived their right to arbitrate and proceeds to evaluate Saxon's alternative argument: whether the ADR is enforceable.

According to Southwest, Saxon is still required to arbitrate the case, even after the Supreme Court's decision, because she signed an enforceable contract under Illinois state law.[5] Unlike the FAA, the IUAA has no exemption for transportation workers. *See Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 843 (7th Cir. 2009) ("[P]rovisions for alternative dispute resolution may be enforced as contracts under state law, even if the provisions are outside the Federal Arbitration Act's scope."); *Atwood v. Rent-A-Center East Inc.*, No. 15-cv-1023-MJF-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016) (finding that the IUAA, unlike the FAA, lacks an exemption for transport workers

---

[4] The Court recognizes that Southwest has filed a motion to strike collective allegations, which perhaps could be viewed as a request for a decision on a substantive question. However, the Court treats this motion as an argument in the alternative to Southwest's motion to compel arbitration.

[5] Southwest has repeatedly affirmed before the Court that the ADR made clear that if the "FAA does not apply, state law will." Having reviewed the docket, the Court notes that the contract in place at the time Saxon filed this lawsuit does not a contain such language – instead, the language was added in July 2019. Nonetheless, as one other court in this circuit has found, "the fact that the Federal Arbitration Act doesn't apply only means that its enforcement mechanisms aren't available, not that the whole dispute can't be arbitrated by enforcing the contract through another vehicle (like state law). … That's true even when the contract says that the Federal Arbitration Act applies and mentions no other law." *Atwood v. Rent-A-Center East Inc.*, No. 15-cv-1023-MJF-SCW, 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016) (internal citation omitted). As a result, the Court will review the ADR under state law, even though the original contract did not explicitly mention it.

and compelling arbitration under the IUAA). Saxon does not argue that she is exempt under the IUAA—instead, she argues that she should not be compelled to arbitrate because the ADR is unenforceable under Illinois law.

> The IUAA makes clear:
>
> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon any such grounds as exist for the revocation of any contract, including failure to comply with the terms of the Workplace Transparency Act.

710 ILCS 5/1. Saxon argues that the ADR is unenforceable: specifically, that the ADR is substantively unconscionable and does not comply with the Illinois Workplace Transparency Act ("WTA"), 820 ILCS 96/1 *et seq.*

For an arbitration agreement to be substantively unconscionable, the contract terms must be "so one-sided as to oppress or unfairly surprise an innocent party, [have] an overall imbalance in the obligations and rights imposed by the bargain, and [have] significant cost-price disparity." *Kinkel v. Cingular Wireless*, 857 N.E.2d 250, 267, 223 Ill. 2d 1, 28 (2006) (internal citation omitted). Saxon argues that the parties' unequal bargaining positions, where ramp supervisors were required to sign the agreement to work, are impermissible contracts of adhesion. But as Saxon recognizes, Illinois recognizes adhesion contracts of this sort. *See, e.g., Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 366-68 (7th Cir. 1999). Therefore, she points to specific contract provisions to demonstrate that the contract is unconscionable: first, that discovery is limited to one deposition, five interrogatories, and three requests for production, and second, that Southwest is entitled to attorneys' fees if the employee pursues a claim in court rather than through arbitration.

The Court finds that neither provision makes the ADR substantively unconscionable. Discovery limitations are common in arbitration agreements because they allow for more streamlined proceedings. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31, 111 S. Ct.

7

1647, 114 L. Ed. 2d 26 (1991) (discussing discovery limitations in arbitration agreements); *Tecnomatic, S.p.A. v. Cave*, 2018 Il App. (1st) 161908-U, at *13 (1st Dist. Feb. 1, 2018) (enforcing an arbitration agreement that limited discovery in a dispute between an attorney and his client). In addition, the Court finds that the agreement is not so one-sided given that the ADR requires that both parties abide by these limitations and permits the arbitrator to seek additional depositions as needed. In sum, the Court finds that this provision is not unconscionable.

As for her attorneys' fee claim, Saxon effectively brings a cost limitation argument. In Illinois, when a party seeks to invalidate an arbitration agreement as prohibitively expensive, "the party must provide some individualized evidence to show that she is likely to face prohibitive costs in the arbitration and that she is financially incapable of meeting these costs." *Bess v. DirecTV, Inc.*, 885 N.E.2d 488, 498, 381 Ill. App. 3d 229, 241 (5th Dist. 2008). Although the ADR states that Southwest is entitled to reasonable attorneys' fees incurred when enforcing the ADR program in court, Southwest has affirmed that it will not request these fees. As a result, the risk that Saxon will face prohibitively high attorneys' fees is only speculative, and insufficient to show that the provision is substantively unconscionable. *See Baumann v. Finish Line, Inc.*, 421 Fed. Appx 632, 635 (7th Cir. 2011).[6]

Lastly, Saxon contends that the WTA prohibits arbitration agreements of the sort Saxon signed. The WTA established that:

> any agreement … that is a unilateral condition of employment or continued employment and requires the employee or prospective employee to waive, arbitrate, or otherwise diminish any existing or future claim, right, or benefit related to an unlawful employment practice to which the employee or prospective employee would otherwise be entitled under any provision of State or federal law, is against public policy, void to the extent it denies an employee or prospective employee a substantive or procedural right or remedy related to alleged unlawful employment practices, and severable from an otherwise valid and enforceable contract under this Act.

---

[6] Because the Court does not find that these provisions are unconscionable, the Court does not consider the parties' arguments on severance.

820 ILCS 96/1-25(b). This provision is limited to unlawful employment practices, which are defined as forms of "unlawful discrimination, harassment, or retaliation . . . actionable under Article 2 of the Illinois Human Rights Act, Title VII of the Civil Rights Act of 1964, or any other related State or federal rule or law." *Id.* at 96/1-15.

Saxon contends that signing the ADR is a unilateral condition of employment that requires workers to submit unlawful employment practices claims to arbitration (such as Age Discrimination in Employment Act claims), thus violating the WTA. However, Saxon's claims are not—nor does she make them out to be—related to unlawful employment practices as defined by the WTA. Therefore, this case is not within the scope of the WTA. As a result, the Court finds that the ADR is enforceable and Saxon must pursue her case through arbitration. *See Mason v. St. Vincent's Home, Inc.*, 199 N.E.3d 346, 354, 459 Ill. Dec. 893, 902 (4th Dist. 2022) (discussing the "strong public policy in favor of enforcing arbitration agreements").

**CONCLUSION**

For the aforementioned reasons, this Court grants Southwest's motion to compel arbitration and will stay current proceedings as the parties continue with arbitration. Because this case will proceed via arbitration, the two pending motions are struck as moot.

IT IS SO ORDERED.

Date: 3/10/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

9