IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRICE SAXON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant*. | Case No. 1:19-cv-00403<br><br>Hon. Judge Sharon Johnson Coleman |

**PLAINTIFF LATRICE SAXON'S MOTION AND MEMORANDUM TO AMEND RULING TO CERTIFY QUESTION FOR APPEAL**

Plaintiff Latrice Saxon respectfully submits this Motion and Memorandum to Amend Ruling to Certify Question for Appeal ("Motion") pursuant to 28 U.S.C. § 1292(b) and Fed. R. App. P. 5(a)(3).

**INTRODUCTION**

An interlocutory appeal may be made under 28 U.S.C § 1292(b) for an interlocutory order that involves a "controlling issue of law," the prompt resolution of which may "materially advance the ultimate termination of the litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 101 (2009). To certify a question for interlocutory appeal under 28 U.S.C. 1292(b), the movant is required to show that: (1) it is a question of law, (2) the question is controlling, (3) there exists substantial grounds for difference of opinion, and (4) an immediate appeal would materially advance the ultimate termination of the litigation. *See Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219

F.3d 674, 675-76 (7th Cir. 2000). Section 1292(b) gives district courts discretion when considering whether to certify an interlocutory appeal, and the Supreme Court has encouraged exercise of that discretion where the court deems the issue "pivotal" in a case. *Swint v. Chambers Cty. Comm'n,* 514 U.S. 35, 36 (1995). And, Fed. R. App. P. 5(a)(3) provides that a district court may amend an order, either on its own or in response to a party's motion, to include the required permission to appeal.

Plaintiff, employing the criteria above, seeks an amendment of this Court's March 10, 2023, Order (Dkt. 96), certifying the following question for appeal to the Seventh Circuit Court of Appeals:

> Did Defendant waive its argument to compel arbitration under a newly raised argument under the Illinois Uniform Arbitration Act ("IUAA"), 710 ILCS 5/1 *et seq.,* after litigating the case for over two and a half years, when it originally relied exclusively and solely on the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and Fed. R. Civ. P. 12(b)(3) to compel arbitration.

As Plaintiff sets forth below, the question for which she seeks certification satisfies each of the criteria set forth in Section 1292(b).

## **ARGUMENT**

Despite its finding that Defendant's original Rule 12(b)(3) motion to dismiss or stay in favor of arbitration relied exclusively on the FAA and was void of any alternative request to compel arbitration under the IUAA, the Court ultimately held that Defendant was not barred from moving to compel arbitration under the IUAA. Dkt. 96 at 3, 5. The Court found that Defendant's two-and-a-half-year delay in bringing its newly raised IUAA argument was reasonable. This finding contradicts a substantial body of law. Because Plaintiff's question for which she seeks certification satisfies the requirements under Section 1292(b), her Motion should be granted.

### A. The Issue Is a Question of Law.

A "question of law" pursuant to Section 1292(b) refers "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. The question presented by Plaintiff satisfies this standard.

As this Court acknowledged, the Seventh Circuit typically evaluates motions to compel arbitration under Rule 12(b)(3). Dkt. 96 at 4; citing *Faulkenberg v. CB Tax Franchise Systems, LP,* 637 F.3d 801, 808 (7th Cir. 2011). However, repeat motion practice is prohibited by the Federal Rules which require parties pursuing a motion under Rule 12 to "not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Courts in this circuit typically find that when a party neglects to raise an available defense under Rule 12(b)(3), the party is prohibited from bringing that defense in a subsequent motion. *See Johnson v. United Airlines, Inc.,* 2013 WL 323404, at *2 (N.D. Ill. Jan. 25, 2013) ("Because the venue objection was available when [defendant] filed its first Rule 12 motion and is not excepted by Rules 12(h)(2) or (3), Rule 12(g)(2) prohibit[s] [defendant] from filing a second Rule 12 motion seeking dismissal for improper venue under Rule 12(b)(3)."). Here, the Court's finding that Defendant did not waive its right under Rule 12 to bring an alternative successive argument to compel arbitration after two-and-a-half years of litigating the case under its FAA theory, involved the Court's interpretation of the Federal Rules and is thus a pure question of law. Therefore, the first Section 1292(b) factor is met.

### B. The Issue Is a Controlling Question of Law.

The legal question addressed by this Motion is also controlling in this case. A question of law is considered to be "controlling" if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery*

*Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996); *see also Feit Elec. Co., Inc. v. CFL Techs. LLC*, 2019 WL 7020496, at *2 (N.D. Ill. Dec. 20, 2019) ("[T]he term 'controlling' connotes that an issue must be serious to the conduct of the litigation, either in a practical or legal sense." (citing *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)).

The second factor under Section 1292(b) is satisfied too. If, under Rule 12(g)(2) and Rule 12(h)(1)(A), Defendant's after-the-fact state law argument was found to be waived, Plaintiff would not be prevented from litigating her case in the forum of her choice and provided the rights that are typically afforded litigants. Instead, with the Court's finding that it had authority to compel arbitration under the IUAA and staying the litigation, Plaintiff is now forced to proceed in arbitration, despite the fact that this case has been litigated for over four years, during which time Defendant could have brought its state law arbitration argument from the onset. Absent interlocutory appeal, Plaintiff would be unable to appeal this Court's decision that Defendant did not waive its belated state law argument until *after* arbitration. Thus, Plaintiff would have to arbitrate her claims on the merits before she can appeal the question at issue of whether she should have been in arbitration in the first place. If, at that point, the Seventh Circuit reverses, the whole arbitration would be rendered void, and the parties would have to start all over again. In other words, Plaintiff would have suffered the unnecessary expense and delay of litigating her case in a forum where she should not have been. Thus, the issue of whether Defendant waived its right to arbitration "involves controlling questions of law as to which there is substantial ground for difference of opinion." *Banner Industries, Inc. v. Central States, Southeast and Southwest Areas Pension Fund,* 663 F. Supp. 1290, 1291 (1987). Therefore, the question presented in Plaintiff's Motion concerns a controlling issue in this matter.

### C.  There Is a Substantial Ground for Difference of Opinion.

A motion seeking interlocutory review satisfies the third factor of Section 1292(b) if the legal question presented is "contestable." *Ahrenholz*, 219 F.3d at 675. "A question of law is contestable if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *United States v. Moglia*, 2004 WL 1254128, at *3 (N.D. Ill. June 7, 2004).

Here, the requirement for substantial ground for a difference of opinion is squarely met with respect to the waiver of arguments available to a party but not brought in a timely manner. On the one hand, courts have found that all defenses and motions available to a defendant under Rule 12(b)(2)-(5) must be raised at one time; otherwise, any argument not raised is waived. *See Killian v. Concert Health Plan,* 2008 WL 2561218, at *1 (N.D. Ill. June 24, 2008) ("Rule 12(g) requires a defendant to raise all defenses under Rule 12(b)(2)-(5) at one time, under penalty of waiver."); *766347 Ontario Ltd. v. Zurich Capital Markets, Inc.,* 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003) (same); *see also Johnson*, 2013 WL 323404 at *2 (same) (collecting cases). "The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, and then files a second motion on another ground." *Ennenga v. Starns,* 677 F.3d 766, 773 (7th Cir. 2012); *see also Simmons v. Catton*, 2009 WL 4923063, at *2 (C.D. Ill. Dec. 8, 2009). Courts have held that when a defendant brings successive arguments after already bringing a Rule 12(b)(2)-(5) motion, the court needs to determine whether the defendant could have raised the argument in its original motion. *Simmons*, 2009 WL 4923063, at *2; *see also About U.S. Real Est., Inc. v. Burnley,* 2015 WL 3397025, at *3 (N.D. Ill. May 26, 2015) (same); *Shebley v. United Contl. Holdings, Inc.,* 2020 WL 2836796, at *4 (N.D. Ill. May 31, 2020) (finding defendant who failed

5

to raise an argument in its original Rule 12 motion, which was "equally available to them" at that time, is "forbid[den]" from raising the argument).

Courts have also found that a party seeking arbitration must so move before its delay causes prejudice to the opposing party. *See Bovay v. Sears, Roebuck & Co.,* 2013 IL App (1st) 120789, ¶ 43 (a party must move to compel arbitration whenever it "should have been clear to [the party] that the arbitration agreement was at least arguably enforceable"); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995) ("Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution."); *See also* this Court's March 10, 2023, Order (Dkt. 96) (("[T]here is a case to be made…that this state law argument could have been brought at the beginning of this case (perhaps preventing the need for years of costly appeals) ... ." As this Court astutely recognized, even if the FAA doesn't apply, a party can enforce a contract through another means, like state court. Dkt. 96 at 6, fn.5. That is the case "even when the contract says that the Federal Arbitration Act applies and mentions no other law—if the federal act doesn't apply, the agreement to arbitrate remains viable, and the only question becomes what state's law applies to the contract to arbitrate." *Atwood v. Rent-A-Center East, Inc.,* 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016). In other words, even though Defendant's original ADR Agreement may not have contained the language "if the FAA does not apply, state law will," that doesn't matter, Defendant still had the state law argument from the onset of the case and should have brought it in its original Rule 12 motion, but it didn't. Therefore, Defendant waived its state law argument.

In an almost identical factual situation as the case here, the court in *New Prime* held the defendant waived its state law argument to compel arbitration for failing to bring it in a timely

6

manner after its all-out attempt to compel arbitration under the FAA failed. In *New Prime*, the defendant moved to compel arbitration in a Fair Labor Standards Act matter pursuant to the FAA only. *Oliveira v. New Prime, Inc.,* 424 F. Supp. 3d 206, 208 ((D. Mass. 2019). After the court denied its motion to compel arbitration, defendant appealed to the First Circuit, lost, and then appealed to the Supreme Court and lost again. *Id.* After waiting three and a half years after the case was filed, defendant then moved, for the first time, to compel arbitration under state law. *Id.* The court found that "[defendant] had notice from the start of this case that it was being pursued as a putative class and collective action, and that it had the potential right to compel arbitration under both federal and state law." *Id.* at 212. "Nevertheless, [defendant] 'substantially invoke[d] the litigation machinery' by pursuing the federal path for two years before moving to compel arbitration under [state law]." *Id.* The court noted, "[a] timely motion to compel arbitration under [state law] could have saved the Plaintiffs, including opt-in plaintiffs, and the Court unnecessary time and expense[,]" but instead, defendant waited to invoke its state law argument only once "it faced a potential loss on the FAA issue in the Supreme Court." *Id.* The court further reasoned,

> Declining to find waiver in this case would create a loophole for defendants who seek to compel arbitration in a putative class or collective action. Defendants could choose one statute, such as the FAA or a state arbitration statute, to compel action against named plaintiff, and then—and only if they lose—have the chutzpah to invoke the other statute years later. This situation denies parties the benefit of arbitration: the 'efficient and low-cost resolution of disputes.' (citation omitted) Defendant's conduct reflects dilatory litigation tactics at their worst, by preventing the timely resolution of an important dispute about the payment of minimum wages.

*Id.* at 214. Plaintiff's case, here, is no different.

On the other hand, this Court found that it has authority to compel arbitration under the IUAA and stay the matter. Dkt. 96 at 4 (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Westport Ins. Corp.,* 2009 WL 528686 (N.D. Ill. Feb. 25, 2009) and *Cecala v. Moore*, 982 F. Supp. 609 (N.D. Ill. 1997)). However, as the United States Supreme Court recently clarified in *Morgan v.*

7

*Sundance, Inc.*, 142 S.Ct. 1708 (2022), "[i]f an ordinary procedural rule—whether a waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it. The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Id.* at 1713. As a result of the varying rulings reached by the various courts, there is certainly a substantial ground for difference of opinion regarding the interpretation of Rule 12 as it pertains to waiver of an available state law argument not pursued in a timely manner. Therefore, the question at issue is directly contested and the third Section 1292(b) factor is satisfied.

### D. An Immediate Appeal Will Materially Advance the Termination of the Litigation.

An immediate appeal of the question at issue could materially advance the ultimate termination of the litigation. In other words, the interlocutory appeal promises to speed up the litigation. *See Ahrenholz*, 219 F.3d at 675; *see also Shenzhen Buxiang Network Tech. Co., LTD v. Bodum USA, Inc.*, 2021 WL 243574, at *1 (N.D. Ill. Jan. 25, 2021). However, "[t]he promise to speed up the litigation does not require that the interlocutory appeal resolve the matter in its entirety; it is sufficient that an interlocutory appeal would remove uncertainty about the status of a claim that might delay settlement or resolution." *F.D.I.C. v. Mahajan,* 2013 WL 3771419, at *3 (N.D. Ill. July 16, 2013) (citing *Sterk v. Redbox Automated Retail, LLC,* 672 F.3d 535 (7th Cir. 2012)).

The Court stayed the proceedings of this case when it ruled Plaintiff was compelled to proceed with arbitration. In other words, this case remains on the Court's docket, indefinitely, while the parties proceed with arbitration. However, not only will an immediate appeal save unnecessary time and expense, but it is also essential to the timely disposition of this lawsuit. As noted above, absent interlocutory appeal, Plaintiff will be unable to appeal this Court's determination that Defendant did not waive its state law argument until after proceeding with arbitration. If this Court's decision is reversed at that time, Plaintiff's arbitration proceedings will be invalid, because

8

arbitration would not have been the proper forum for Plaintiff to exercise her legal rights in pursuing her unpaid wages. Therefore, the parties will be required to start all over again in court. It would certainly materially advance this litigation to have the Seventh Circuit decide the issue now, rather than after the parties have proceeded with an ultimately-unnecessary arbitration. Therefore, granting this Motion would certainly advance the ultimate termination of the litigation and the final Section 1292(b) criteria is satisfied.

## CONCLUSION

For the foregoing reasons, Plaintiff Latrice Saxon respectfully requests this Honorable Court grant her Motion and amend its March 10, 2023, Order (Dkt. 96) to certify the above question for appeal to the Seventh Circuit Court of Appeals.

Date:   April 7, 2023                                    Respectfully Submitted,

*/s/ Andrew C. Ficzko*
Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
**STEPHAN ZOURAS, LLP**
222 W. Adams Street
Suite 2020
Chicago, Illinois 60601
312.233.1550
312.233.1560 *f*
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 7, 2023, he electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

*/s/ Andrew C. Ficzko*