IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRICE SAXON, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:19-cv-00403 |
| v. | ) ) ) Honorable Sharon Johnson Coleman |
| SOUTHWEST AIRLINES CO., | ) ) |
| Defendant. | ) |

**SOUTHWEST AIRLINES CO.'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND RULING TO CERTIFY QUESTION FOR INTERLOCUTORY APPEAL**

Plaintiff's motion to certify the Court's March 10, 2023 Order for interlocutory appeal seeks ***extraordinary*** relief—but the ruling Plaintiff seeks to appeal is by no means extraordinary. In the contested Order, this Court, in its discretion, applied the settled common-law principle of waiver to the specific facts of this case to allow Southwest to enforce its arbitration agreement with Plaintiff under Illinois law. This scenario does not meet the steep burden for interlocutory appeal under 28 U.S.C. § 1292(b). Analysis of the common law principle of waiver, particularly in the arbitration context, is inherently fact-specific. And there is no conflicting standard under Illinois law for considering waiver in the unique fact pattern presented by this case. Indeed, Plaintiff does not cite a single case under *any* state law, with similar relevant facts, that yielded a different outcome—and therefore cannot argue that there is a substantial difference of opinion warranting immediate appellate review. Plaintiff simply does not like the conclusion this Court reached. But mere dissatisfaction with a ruling is clearly not grounds for invoking the "strongly disfavored" mechanism of interlocutory appeal under the law of this Circuit. *Gabiola v. Mugshots.com, LLC*, No. 16-cv-02076, 2017 WL 11586992, at *2 (N.D. Ill. Dec. 8, 2017).

Nor will allowing interlocutory appeal conserve judicial resources or materially advance the outcome of this litigation. The question Plaintiff poses for interlocutory appeal has no relationship to the merits of this case or to disposition of any of the claims. It deals only with *where* this case will be heard. This case will have to be litigated in some forum *regardless* of whether an interlocutory appeal is granted and regardless of the result of that appeal. Allowing interlocutory appeal now will only delay the disposition of the merits of this case, not materially advance its termination.

Ultimately, Plaintiff is no differently situated than any other plaintiff confronting a non-final ruling. She simply wants to be able to appeal now, rather than later—but this does not present the "extraordinary circumstance" the legislature contemplated when enacting 28 U.S.C. § 1292(b), the narrow exception to the final judgment rule codified at 28 U.S.C. § 1291. For these reasons, as fully set forth herein, Plaintiff's motion should be denied in its entirety.

## ARGUMENT

**I.      Plaintiff Has Not Met Her Steep Burden for Certification Under Section 1292(b)**

The final judgment rule—*i.e.*, the requirement that a ruling is eligible for appeal only when it is final and ends the litigation on the merits—"ensures deference to trial court judges, prevents piecemeal appeals, and promotes efficient judicial administration." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 560 (7th Cir. 2018) (citation omitted); *see also Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996) ("It is a basic tenet of federal law to delay appellate review until a final judgment has been entered"). The United States Supreme Court has made clear that "[t]his final-judgment rule, now codified in § 1291, preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." *Microsoft Corp. v. Baker*, 582 U.S. 23, 36 (2017).

To invoke Section 1292(b), which allows for interlocutory appeals, a movant "bear[s] the burden to persuade the court that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *Powell v. Illinois*, No. 18-cv-6675, 2019 WL 10349404, at *1 (N.D. Ill. Nov. 5, 2019) (quoting *Fisons Ltd. v. U.S.*, 458 F.2d 1241, 1248 (7th Cir. 1972)). "Section 1292(b) requests for interlocutory appeal are for exceptional circumstances." *In re Clearview AI, Inc. Consumer Privacy Litig.*, No. 21-cv-0135, 2022 WL 823855, at 1 (N.D. Ill. Mar. 18, 2022). The Seventh Circuit has instructed district courts that "such appeals are 'frowned on,' are a 'gratuitous interruption and retardant of the district court proceedings,' and that Section 1292(b) is to be invoked rarely." *Padilla v. DISH Network LLC*, No. 12–cv–7350, 2014 WL 539746, at *6 (N.D. Ill. Feb. 11, 2014) (internal quotations omitted).

A party seeking the extraordinary relief of certification under Section 1292(b) must establish four minimum criteria:

1. "there must be a question of law;"
2. "the question of law must be controlling;"
3. "the question of law must be contestable;" ***and***
4. "intermediate appeal would materially advance the litigation."

*In re Clearview AI*, 2022 WL 823855, at *1 (citing *Kenosha Unified Sch. Dist. No. 1 Bd. Of Educ. v. Whitaker*, 841 F.3d 730, 732 (7th Cir. 2016)). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order [] for an immediate appeal under § 1292(b)." *Ahrenholz v. Bd. Of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (emphasis in original). Interlocutory appeals are "disfavored so certification is appropriate only in exceptional cases." *Janusz v. City of Chicago*, No. 03 C 4402, 2013 WL 12331279, at *1 (N.D. Ill. Jun. 21, 2013) (internal citation omitted).

Here, Plaintiff fails to establish these criteria under Section 1292(b). This Court should therefore deny Plaintiff's motion.

### A. Plaintiff Fails to Establish That There Is a Controlling Question of Pure Law

To be eligible for interlocutory review, a movant must present a controlling question of "pure" law—*i.e.*, one "that the court of appeals decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676-77. "'Question of law' in the context of § 1292(b) goes to the '*meaning* of a statutory or constitutional provision, regulation, or common law doctrine.'" *In re Clearview AI*, 2022 WL 823855, at *1 (quoting *Ahrenholz*, 219 F.3d at 676) (emphasis added).

The issue Plaintiff seeks to appeal—whether Southwest waived its right to compel arbitration under Illinois law after its Rule 12(b) motion to dismiss to pursue arbitration on federal grounds was overturned on appeal—is not a question of pure law. There is no interpretation of a statutory, constitutional, or procedural rule implicated here. And the waiver doctrine is a common law doctrine that Plaintiff does not ask the appellate court to review in the abstract; rather, it asks the court to consider whether the facts *of this case* meet that established standard. Where, as here, Plaintiff challenges the Court's application of the law to the facts, there is no pure question of law and Section 1292(b) certification is inappropriate. *See, e.g., Lukis v. Whitepages Inc.*, 542 F. Supp. 3d 831, 844 (N.D. Ill. Oct. 27, 2020) (denying motion for certification because "applying the IRPA's statutory exemptions and the First Amendment law they incorporate is case specific and fact intensive" and cannot be done "quickly and cleanly without having to study the record"); *In re Facebook, Inc., IPO Sec. & Deriv. Litig..*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2017) (denying motion for certification where the appealed holding entailed a "fact-specific inquiry"; "Questions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under Section 1292(b).") (quotation omitted).

4

Indeed, as this Court recognized, a finding of waiver in this type of case turns on the defendant's specific conduct in the course of litigation and whether it was consistent with the intent to pursue arbitration. *See* Op. at p. 4 (citing *Woods v. Patterson Law Firm, P.C.*, 886 N.E.2d 1080, 1085 (Ill. App. Ct. 2008); *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011) (discussing how courts "must determine that, considering the totality of the circumstances, a party acted inconsistently with the right to arbitrate")). This is an intensely fact-specific inquiry that would require the appellate court to look at Southwest's conduct over the last few years and statements in its extensive filings in this case while it pursued federal arbitration—filings that span the district court, Seventh Circuit, and U.S. Supreme Court.

This is the factual inquiry the Court conducted in reaching its decision in the Order that the circumstances of this case did not amount to waiver by Southwest and the type of factual inquiry an appellate court would need to undertake to review the propriety of the Order. That is because courts in this Circuit and state courts interpreting Illinois law consistently have held that the arbitration waiver inquiry is a fact-specific analysis. *See, e.g., CDM Media US, Inc. v. Simms*, No. 14-cv-9111, 2015 WL 3484277, at *3 (N.D. Ill. Jun. 1, 2015) (in considering waiver of right to arbitrate, noting that "[w]aiver, in short, is a fact-dependent inquiry"); *see Clanton v. Oakbrook Healthcare Centre, Ltd.*, 2022 IL App (1st) 210984, ¶¶ 42, 2022 WL 19561801, at *7 (Jul. 18, 2022) (citation omitted) ("recognition that the circuit court must engage in a factual inquiry to determine if a party's actions constitute waiver [of a right to compel arbitration"); *Safe Step Walk-in Tub Co. v. CKH Indus., Inc.*, No. 7:15-cv-07543-NSR, 2019 WL 13181378, at *2 (S.D.N.Y. 2019) ("A waiver determination [of the right to compel arbitration] is highly fact specific and no bright line rule is applied"). This type of factual inquiry is not a question of "pure law" and therefore does not qualify for interlocutory appeal.

5

Plaintiff, seemingly aware that the question of waiver does not present a pure question of law, tries to reframe the issue to be appealed to meet the strict standard of Section 1292(b). Plaintiff tries to argue that this is a case about the proper use of the Federal Rule of Civil Procedure 12(b) vehicle and successive Rule 12 motions, and that the pure legal question to pose to the Seventh Circuit is "the Court's interpretation of the Federal Rules." (Pl.'s Br. at 3.) But that reframing is simply incompatible with the question Plaintiff asks this Court to certify: whether Southwest waived its right to compel arbitration under state law, *not* whether Southwest acted in accordance with Rule 12. (*Id.* at 2.) That reframing is also incompatible with the facts of this case. Southwest has not made successive Rule 12 motions, and its attempt to compel arbitration under Illinois state law has *nothing to do with* Rule 12. Southwest made a Rule 12(b) motion for federal-based arbitration and then—separately—moved to compel arbitration under state law, the Illinois Uniform Arbitration Act (IUAA), relying on Seventh Circuit precedent to do so. Plaintiff's attempt to spin the issue on appeal to manufacture a procedural, legal issue is a transparent attempt to avoid the fact that it is seeking to appeal an issue that is factual, not legal.

### B. Plaintiff Fails to Establish That the Controlling Question of Law Is Contested

Plaintiff fares no better in attempting to establish that the controlling question of law to be appealed is contested. To satisfy this element, "the movant must show that there are "substantial conflicting decisions regarding the claimed controlling issue." *NMHG Fin. Servs., Inc. v. Wickes Inc.*, No. 07 C 02962, 2007 WL 3087146, at *3 (N.D. Ill. Oct. 17, 2007). In the alternative, a movant can demonstrate that, "when a controlling court has not definitively decided an issue, … a 'substantial likelihood' exists that the district court ruling will be reversed on appeal." *Padilla*, 2014 WL 539746, at *5. Plaintiff fails to meet her burden as to either required showing.

First, "[i]t is beyond dispute that interlocutory appeal is unjustified, inefficient, and unnecessary when the movant has not set forth **substantial** conflicting decisions regarding the

6

claimed controlling issue of law." *Carlson v. Brandt*, Nos. 97 C 2165, 96 B 9606, 97 C 3630, 1997 WL 534500, at *6 (N.D. Ill. Aug. 22, 1997) (citation and quotations omitted) (emphasis added). Notably, "an issue is not contestable merely because 'reasonable judicial minds could differ' or 'when the court is unguided by binding precedent.'" *Hurt v. Vantlin*, No. 3:14-cv-00092-JMS-MPB, 2020 WL 1310443, at *3 (S.D. Ind. Feb. 6, 2020) (citations and quotations omitted).

Plaintiff fails to satisfy her burden to demonstrate that the controlling issue in this appeal—*i.e.*, whether Southwest waived its right to compel arbitration under state law after having its successful 12(b) motion to dismiss in favor of arbitration under federal law overturned on appeal—is "contested." What Plaintiff tries to do is redirect, muddying unrelated legal questions and concluding, vaguely, that "[a]s a result of the varying rulings reached by the various courts," there is a substantial difference in opinion. For example, Plaintiff argues that the Order conflicts with courts in this Circuit requiring all Rule 12(b) arguments to be raised early in the case (Pl.'s Br. at 5-6)—but the controlling issue in this proposed appeal does not involve successive 12(b) motions because Southwest *did not bring successive 12(b) motions*. Plaintiff also argues that the Order conflicts with courts in this Circuit that require a defendant to compel arbitration before delay causes prejudice to the opposing party (Pl.'s Br. at 6)—but that is also not the issue Plaintiff asks to certify for appeal. That is because Southwest has argued from the outset of this litigation—indeed, in its initial responsive pleading in April 2019—that Plaintiff's claims must proceed in individual arbitration. Rather, the controlling issue in this proposed appeal, as made clear by Plaintiff herself, is whether Southwest's conduct in consistently pursuing arbitration, first under the FAA and Rule 12(b)(3), and then under state law, amounted to waiver. Nearly all of the cases Plaintiff cites in an attempt to manufacture a contested issue have nothing to do with the specific issue Plaintiff asks to appeal.

Ultimately, Plaintiff points to only *one* case, *Oliveira v. New Prime, Inc.*, 424 F. Supp. 3d 206 (D. Mass. 2019)—a case decided under Missouri law by the federal district court for the District of Massachusetts—in an attempt to fashion a "contested issue." Not only does this lone, non-controlling case fail to qualify as the "***substantial*** conflicting decisions" sufficient to warrant the extraordinary invocation of interlocutory appeal[1], but *New Prime* is also not ***conflicting***. *Prime* is entirely consistent with this Court's ruling because the *New Prime* court was persuaded to find waiver of the right to pursue arbitration under state law where the defendant specifically and repeatedly disclaimed any intention to move to compel arbitration on state law grounds while pursuing its FAA claim. *Id.* at 213. But that is not what happened here. And this Court distinguished *New Prime* on this very ground, noting that, unlike in *New Prime*, "Southwest had not maintained that it would *never* pursue arbitration under state law." (Op. at 5 (emphasis in original).)

Second, Plaintiff has not even attempted to satisfy the other ground for demonstrating a "contestable question of law"—nor would any attempt be successful. Under the law of this Circuit, where a controlling court has not "definitively decided an issue, the party requesting certification [] must demonstrate that a 'substantial likelihood' exists that the district court ruling will be reversed on appeal." *Padilla*, 2014 WL 539746, at *5 (citing *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F. Supp. 1078, 1081 (N.D. Ill.1995)). Such a showing "is greater

---

[1] As Judge Kennelly recently held in denying a motion for certification in *Rogers v. BNSF Railway Co.*, even a disagreement between two district courts "is insufficient to establish a 'substantial ground for difference of opinion' within the meaning of section 1292(b). No. 19 C 3083, 2022 WL 2208804, at *2 (N.D. Ill. Jun. 21, 2022) (citing Section 1292(b)). "If a disagreement between two district judges sufficed, the floodgates would be opened to virtually unlimited interlocutory appeals given the number of sitting district judges. And this would be so even were the argument confined to a disagreement between two judges within a district." *Rogers*, at *2 (citing *Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-CV-815-PPS-MGG, 2019 WL 762510, at *8 (N.D. Ind. Feb. 20, 2019) ("A few conflicting district court opinions ... [do] not satisfy Section 1292(b)'s contestability requirement.")).

8

where there are a substantial number of decisions conflicting with the district court's order regarding the controlling question of law." *Flynn v. Exelon Corp.*, No. 19-cv-8209, 2022 WL 267915, at *3 (N.D. Ill. Jan. 28, 2022) (citing *In re Kmart Corp.*, No. 04-cv-4978, 2004 WL 2222265, at *2 (N.D. Ill. Oct. 1, 2004)). Neither condition is satisfied here. The Seventh Circuit *has* spoken to this very specific issue with this very plaintiff—on Plaintiff's appeal of this Court's grant of the 12(b)(3) motion, the Seventh Circuit overturned the availability of federal arbitration but expressly noted that "[Plaintiff] could still face arbitration under state law." *Saxon v. Southwest Airlines Co.*, 993 F.3d 492, 502 (7th Cir. 2021); *accord Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 843 (7th Cir. 2009) (recognizing that where a court finds that arbitration under the FAA is not available, the district court may then consider applicability of arbitration under state law); *Harper v. Amazon.com Servs., Inc.*, 12 F.4th 287, 294 (3d Cir. 2021) (holding that, where FAA arbitration is not available, district court should consider the enforceability of arbitration under state law). Plaintiff does not engage at all with this clear statement by a controlling court. And, in any event, Plaintiff's Motion for Certification fails to argue *at all* that a substantial likelihood exists that the Order would be reversed on appeal—let alone demonstrate how that would be the case. Plaintiff therefore fails to satisfy her burden to satisfy the "high threshold of contestability." *See Flynn*, 2022 WL 267915, at *3.

### C. An Interlocutory Appeal Would Not Materially Advance the Litigation

Interlocutory appeals should only be certified when "immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). In other words, this factor is satisfied where the interlocutory appeal "promise[s] to *speed up* the litigation." *See Ahrenholz*, 219 F.3d at 675 (emphasis in original). The Seventh Circuit has cautioned that the interlocutory appeal mechanism "must be used sparingly 'lest interlocutory review increase the time and expense required for litigation.'" *See Shenzhen Buxiang Network Tech. Co., Ltd. v.*

*Bodum USA, Inc.*, No. 20-cv-1726, 2021 WL 243574, at *3 (quoting *Asher v. Baxter Int'l., Inc*., 505 F.3d 736, 741 (7th Cir. 2007)).

Here, an immediate appeal would not speed up any litigation; to the contrary, it would delay any adjudication on the merits while the appeal is pending and answer the question only of *where* plaintiff's claims may be heard. In other words, the parties could engage in lengthy, expensive appeals and further litigation only to end back in either this court or before an arbitration panel and *only then* get started addressing the merits of this case. Immediate appeal would not affect the disposition of any of the claims in this case or narrow any of the substantive issues, and therefore does not present the exceptional vehicle for deviating from the final judgment rule.

Indeed, courts regularly deny motions to certify for interlocutory appeal orders compelling arbitration on the grounds that doing so would "delay, rather than advance, the termination of [a] case, insofar as it would require the parties to undertake proceedings at the appellate level before any arbitration could take place." *Kaltwasser v. AT&T Mobility, LLC*, No. C 07–00411 JW, 2011 WL 5417085, at *2 (N.D. Cal. Nov. 8, 2011) (citation omitted). This Court has recognized that interlocutory appeals of motions to compel arbitration:

> would not promise to speed the litigation. While the Seventh Circuit theoretically could reverse the decision [compelling arbitration] and remand for this Court to try the matter, it also could affirm the Decision. There is thus a chance equal to the probability of affirmance that, following an interlocutory appeal, this case would ultimately proceed to arbitration with nothing having been accomplished but several more months of delay and resource expenditures.

*ChampionsWorld, LLC v. U.S. Soccer Federation, Inc.*, No. 06 C 5724, 2007 WL 2198366, at *4 (N.D. Ill. Jul. 31, 2007); *see also Owner–Operator Indep. Drivers Ass'n, Inc. v. Swift Trans. Co., Inc*., No. CV 02–1059–PHX–PGR, 2004 WL 5376210, at *1 (D. Ariz. July 28, 2004) (declining to certify an order compelling arbitration for interlocutory appeal on the grounds, *inter alia*, that

because "the appeal process would realistically take far longer than would the arbitration process, an interlocutory appellate ruling ... would only prolong the termination" of the case); *see also Instrumentation Specialties Co. v. Waters Assocs., Inc.*, 1977 WL 22810, at *3 (N.D. Ill. Oct. 12, 1977) (denying motion to certify order regarding venue for interlocutory appeal on the grounds, *inter alia*, that "[i]t is certainly not true that an immediate appeal on these questions may materially advance the ultimate termination of the litigation. The most that can be said is that it might delay it or ultimately shift it to some other jurisdiction. Appellate review at this time of the questions of venue … are not going to dispose of the underlying substantive issues … which are the gravamen of this suit").

## CONCLUSION

Plaintiff has failed to meet her heavy burden to satisfy all four of the enumerated factors under Section 1292(b) for interlocutory appeal. As such, for the foregoing reasons, the Court should deny Plaintiff's motion to certify for interlocutory appeal the Court's March 10, 2023 Order and to stay this action.

Dated: May 1, 2023

Respectfully submitted,

SOUTHWEST AIRLINES CO.

By: */s/ Melissa A. Siebert*
      One of Its Attorneys

Melissa A. Siebert
COZEN O'CONNOR
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel: (312) 382-3100
Fax: (312) 382-8910
msiebert@cozen.com

Tamar S. Wise (*pro hac vice* forthcoming)
COZEN O'CONNOR
3 World Trade Center
New York, NY 10006

Tel: (212) 883-4924
Fax: (646) 461-2054
twise@cozen.com

***Attorneys for Defendant Southwest Airlines Co.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all Counsel of Record.

/s/ *Melissa A. Siebert*