IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRICE SAXON, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SOUTHWEST AIRLINES CO.,<br><br>*Defendant*. | Case No. 1:19-cv-00403<br><br>Hon. Judge Sharon Johnson Coleman |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO AMEND RULING TO CERTIFY QUESTION FOR APPEAL**

Plaintiff Latrice Saxon, by and through her attorneys, Stephan Zouras, LLP, pursuant to 28 U.S.C. § 1292(b), hereby submits this Reply in support of her Motion to Amend Ruling to Certify Question for Appeal ("Motion"):

**INTRODUCTION**

Defendant spills considerable ink throughout its brief either misconstruing the arguments made in Plaintiff's Motion or attempting to distract this Court from the recognized criteria that must be met for an issue to receive interlocutory certification, dedicating over a quarter of its brief arguing purported standards for § 1292(b) certification that simply do not apply or are established by meeting the actual statutory criteria. Defendant repeatedly uses words and phrases to describe interlocutory appeals as "strongly disfavored" and only under "extraordinary circumstances" and as a "narrow exception" in an attempt to wrongfully suggest some heightened standard that simply

is not found in the rule. Dkt. 103 at 1-3. Rather, as the Seventh Circuit clearly noted, district courts should certify a question for interlocutory appeal if it meets the four statutory criteria under § 1292(b). *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000); *see also Sterk v. Redbox Automated Retail, LLC,* 672 F.3d 535, 536 (7th Cir. 2012). That is, it must be: (1) a question of law; (2) that is controlling; (3) that is contestable; and (4) whose resolution promises to speed up the litigation. *Id.* at 675. And the Seventh Circuit pointed out, "[i]t is equally important … to emphasize the duty of the district court and of our court as well to allow an immediate appeal to be taken when the statutory criteria are met …." *Id.* at 677 (citing *United Airlines, Inc. v. Mesa Airlines, Inc.,* 219 F.3d 605 (7th Cir. 2000)). Defendant stresses that interlocutory appeals are a departure from the norm and that they are "the narrow exception to the final judgment rule codified at 28 U.S.C. § 1291." Dkt. 103 at 2. This is mere coloring more than anything else. The Court has a "duty" to certify questions for interlocutory appeal when appropriate (*i.e.,* when the four criteria are met), and district courts "should use section 1292(b) when it should be used." *Ahrenholz*, 219 F.3d at 677. In evaluating Plaintiff's request for interlocutory appeal, this Court must follow the statutory criteria which, as noted herein, are easily satisfied.

## ARGUMENT

Plaintiff seeks to certify the following question:

> Did Defendant waive its argument to compel arbitration under a newly raised argument under the Illinois Uniform Arbitration Act ("IUAA"), 710 ILCS 5/1 *et seq.* after litigating the case for over two and a half years, when it originally relied exclusively and solely on the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and Fed. R. Civ. P. 12(b)(3) to compel arbitration.

Plaintiff addressed each of the four statutory criteria noted above in her opening brief. Dkt. 97 at 3-9. Despite Defendant's suggestion to the contrary, all requisite elements for certification under § 1292(b) are satisfied. Thus, the issue of whether Defendant waived its IUAA argument,

2

an argument available from the outset of the case and brought only after its failed all-out-attempt to compel arbitration exclusively and solely under the FAA and Rule 12(b)(3),[1] by failing to raise this argument for over two and a half years, presents a pure and controlling question of law on which reasonable minds have differed, and the resolution of which will materially advance this litigation.

A. **The Question at Issue is One of Legal Interpretation and is a Pure, Abstract Question of Law.**

Defendant suggests Plaintiff has failed to present a controlling question of pure law, claiming the question of whether Defendant waived its state law argument to compel arbitration when it failed to bring it in its original Rule 12(b)(3) motion to compel is an "intensely fact-specific inquiry."[2] Dkt 103 at 5. Defendant further indicates "[t]here is no interpretation of a statutory,

---

[1] This Court acknowledged, despite the availability of the state law argument from the beginning, Defendant's original motion to compel arbitration, brought under Rule 12(b)(3), was based solely on the FAA and lacked any request to compel arbitration under the IUAA. *See* Dkt. 96 at 3 ("Indeed, Southwest originally brought a motion to dismiss under Rule 12(b)(3) to compel arbitration under the FAA. The Court has reviewed this original motion and agrees with Saxon that it lacks any specific request to compel arbitration under the IUAA.") Defendant doesn't dispute this either. *See* Dkt. 25-1, at 5:21-24 (counsel for Defendant conceding its original motion to compel arbitration was filed as a "12(b)(3) motion, which is a venue motion, which this Court, and the Seventh Circuit, has held is the proper thing to do when an arbitration is involved"), and 6:18-20 (counsel for Defendant conceding the applicability of the FAA was the exclusive issue for the Court to decide in its original motion to compel arbitration).

[2] Defendant cites *Lukis v. Whitepages, Inc.* and *In re Facebook, Inc. IPO Sec. & Deriv. Litig.*, in support of its claim that "[w]here as here, Plaintiff challenges the Court's application of the law to the facts, there is no pure question of law and Section 1292(b) certification is inappropriate." Dkt. 103 at 4. However, both cases are clearly distinguishable. In *Lukis*, the court denied defendant's motion of certification and held, "applying the [Illinois Right of Publicity Act's] statutory exemptions and the First Amendment law they incorporate is case specific and fact intensive." *Lukis v. Whitepages, Inc.,* 542 F. Supp. 3d 831, 844 (N.D. Ill. Oct. 27, 2020. And in *In re Facebook,* a Securities Action, the court denied defendant's motion to certify order denying motion to dismiss for interlocutory appeal finding the plaintiff's claims to be "predicated on very specific set of facts, and the December 12 Opinion's holdings were intensely fact-specific." *In re Facebook, Inc. IPO Sec. & Deriv. Litig.,* 986 F. Supp. 2d 524, 537 (S.D.N.Y. 2017). The court further explained, "the issues raised by Defendants' (sic) are a repeat of the arguments Defendants unsuccessfully raised in its motion to dismiss, and a motion for certification of an interlocutory appeal may not be used to simply 'repeat arguments made in [a] motion to dismiss.'" *Id.* at 530-31 (citation omitted). The court ultimately found defendant failed to satisfy all the required criteria under § 1292(b). *Id.* at 531. Unlike the

constitutional, or procedural rule implicated here." *Id.* at 4. Not so. Plaintiff seeks interpretation of the federal rules, specifically Rule 12, and whether Defendant waived its right to bring an alternative successive argument to compel arbitration after two-and-a-half years of litigating the case under its original failed FAA theory.

There is no dispute that a pure "question of law" has "reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine …." *Ahrenholz*, 219 F.3d at 676; *see also* Dkt. 103 at 4. And, as this Court recognized, the Seventh Circuit evaluates motions to compel arbitration under Rule 12(b)(3) (*i.e.,* a motion challenging venue). Dkt. 96 at 4 (citing *Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 808 (7th Cir. 2011)); *see also* Dkt. 25-1 at 5:21-24. However, the federal rules do not allow repeat motion practice, requiring parties to bring all available defenses at once when they elect to bring a Rule 12 motion, like Defendant originally filed. If a party fails to raise an available defense, like Defendant did, courts in this circuit typically find the party is prohibited from bringing the defense in a subsequent motion, like Defendant should have been prevented from doing. *See Johnson v. United Airlines, Inc.*, 2013 WL 323404, at *2 (N.D. Ill. Jan. 25, 2013). The framers of § 1292(b) used the term "question of law" in a similar way as a lay person may, "as referring to a 'pure' question of law rather than merely to an issue that might be free from a factual contest." *Ahrenholz*, 219 F.3d at 676-77. "The idea was that if a case turned on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case." *Id.* at 677.

---

defendants in *Lukis* and *In re Facebook,* the issue here would not require a fact-intensive inquiry but rather an interpretation of the federal rules (*i.e.,* Rule 12) and whether Defendant waived its right to bring an alternative successive argument to compel arbitration after two-and-a-half years of litigating the matter under its original failed FAA theory.

4

Plaintiff is not challenging the Court's findings of fact, none of which are disputed. This case clearly presents a pure "question of law" and would not require the appellate court to "study" the record to see Defendant originally brought a Rule 12(b)(3) motion to compel arbitration, based solely and exclusively on the FAA, made no mention of an alternative state law argument, and waited over two-and-a-half years before making its state law argument, an argument that undeniably was available to it when it brought its original Rule 12(b)(3) motion. Thus, resolution of this issue only requires the appellate court to interpret the law, precisely the kind of issue that is appropriate for interlocutory appeal. *Ahrenholz*, 219 F.3d at 676.

The Defendant attempts to distract this Court and complicate the matter by misconstruing the issue Plaintiff seeks to certify by focusing on the Court's analysis pertaining to her "more general waiver argument" under the Illinois waiver doctrine. *See* Dkt. 103 at 5; *see also* Dkt. 96 at 4. But as noted above, that is not the issue here and the cases Defendant cites in support thereof, claiming the "arbitration waiver inquiry is a fact-specific analysis" are distinguishable. In *CDM Media US, Inc. v. Simms*, 2015 WL 3484277 (N.D. Ill. Jun. 1, 2015), the court denied the plaintiff's motion to strike defendant's affirmative defenses asserting plaintiff's claims are subject to arbitration. *Id.* at *3. The court noted a party may waive the right to arbitrate, either implicitly or explicitly. *Id.* However, the court ultimately declined to offer any analysis of waiving the right to arbitration because "the relevant facts … are not currently before the court." *Id.* Next, in *Clanton v. Oakbrook Healthcare Centre, Ltd.,* 2022 IL App (1st) 210984, a wrongful death and negligence action involving a skilled nursing facility, the appellate court affirmed the trial court's finding that defendant did not waive its right to move to compel arbitration because the "record reflect[ed] that defendants promptly asserted their right to arbitrate after the discovery of the [arbitration] contract." *Id.* at *8. However, the appellate court ultimately found the arbitration agreement to be

5

unenforceable. *Id.* at *1, 8. Finally, in *Safe Step Walk-in Tub Co. v. CKH Indus. Inc.,* 2019 WL 13181378 (S.D.N.Y. 2019), the court denied the plaintiff's motion to compel arbitration, finding plaintiff waived its right to arbitrate due to its "significant motion practice and caused substantial delay, which result in prejudice to Defendant." *Id.* at *3. The court also found the plaintiff's conduct to be "a questionable disingenuousness, if not gamesmanship, which the FAA does not protect." *Id.* at *4.

### B. The Question at Issue is a Contested Controlling Question of Law.

Defendant next argues that Plaintiff failed to "establish that the controlling question of law to be appealed is contested." Dkt. 103 at 6. Defendant's argument regarding the necessary criteria for this factor, though, misses the mark. Defendant correctly recognizes § 1292(b) requires a substantial ground for difference of opinion, but then incorrectly states Plaintiff needs to show a "substantial likelihood exists that the Order would be reversed on appeal." Dkt. 103 at 6-9; 28 U.S.C. § 1292(b). A question of law is "controlling" if its "resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Armada (Singapore) Pte Limited v. Amcol Interational Corporation*, 2017 WL 1862836, *3 (N.D. Ill. 2017) (quoting *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996)). The *Armada* court astutely noted "[i]mportantly, a question may be controlling 'even though its decision might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.'" *Id*. (quoting *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991)). And, regarding a difference of opinion, Defendant ignores the fact this Court itself recognized there are grounds for difference of opinion noting "there is a case to be made, as Saxon has thoughtfully done, that this state law argument *could* have been brought at the beginning of this case (perhaps preventing the need for years of costly appeals) …." Dkt. 96 at

6

5 (emphasis in original).

As noted in her Motion, Plaintiff clearly demonstrated that the actual *legal* question at issue is contested. As this Court acknowledged, the Seventh Circuit typically evaluates motions to compel arbitration under Rule 12(b)(3). *Id.* at 4; citing *Faulkenberg*, 637 F.3d at 808. But the Court found this case to be distinguishable from *Faukenberg* and found it had the authority to compel arbitration under the IUAA and stay the litigation. *Id.* But as courts have found, a substantial ground for difference of opinion can exist even if the court concluded that the contrary cases were distinguishable. *Thrasher-Lyons v. CCS Commercial LLC*, 2012 WL 5389722, at *3 (N.D. Ill. Nov. 2, 2012). As the *Thrasher-Lyons* court pointed out, contrary authority deemed distinguishable can establish grounds for a difference of opinion. *Id.*

The question at issue of whether Defendant waived its IUAA argument after its failed all-out-attempt to compel arbitration exclusively and solely under the FAA and Rule 12(b)(3) is certainly a contestable issue. Courts have held that all defenses available to a defendant under Rule 12(b)(2)-(5) must be brought at one time or they are waived. *See Killian v. Concert Health Plan*, 2008 WL 2561218, at *1 (N.D. Ill. June 24, 2008) ("Rule 12(g) requires a defendant to raise all defenses under Rule 12(b)(2)-(5) at one time, under penalty of waiver."); *766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 274 F. Supp. 2d 926, 930 (N.D. Ill. 2003) (same); *Johnson v. United Airlines, Inc.,* 2013 WL 323404, at *2 (N.D. Ill. Jan. 25, 2013) (same) (collecting cases). The reason Rule 12(g) makes sense is "to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, and then files a second motion on another ground." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012); *see also Simmons v. Catten*, 2009 WL 4923063, at *2 (C.D. Ill. Dec. 8, 2009). That's exactly what Defendant did here. What's important for courts to consider when this happens, is whether the defendant could have raised the argument in its original

7

Rule 12(b) motion. *Simmons,* 2009 WL 4923063, at *2; *see also About U.S. Real Est., Inc. v. Burnley*, 2015 WL 3397025, at *3 (N.D. Ill. May 26, 2015) (same); *Shebley v. United Contl. Holdings, Inc.,* 2020 WL 2836796, at *4 (N.D. Ill. May 31, 2020) (same). The answer, which is also not in dispute, is yes. Indeed, Defendant's state law argument was unquestionably available from the outset.[3] Bringing all available arguments to compel arbitration at once eliminates the delay piecemeal litigation causes as well as the corresponding prejudice a party experiences as a result of delay. *See Bovay v. Sears Roebuck & Co.,* 2013 IL App (1st) 120789, ¶ 43 (affirming a circuit court decision finding defendant waived its right to arbitrate as untimely finding "the agreements at issue were at least arguably enforceable under the controlling law at the outset of [the] litigation."); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 319 (7th Cir. 1995) ("Selection of a forum in which to resolve a legal dispute should be made at the earliest possible opportunity in order to economize on the resources, both public and private, consumed in dispute resolution.").

In the *New Prime* case, a case very similar to our case and cited in Plainitff's Motion, the court found defendant waived its state law argument to compel arbitration because it failed to bring this argument in a timely manner after its attempt to compel arbitration under the FAA failed. *Oliveira v. New Prime*, 424 F. Supp. 3d 206, 208 (D. Mass. 2019). Defendant attempts to downplay the significance of *New Prime* and claims it is distinguishable because the defendant there "repeatedly disclaimed any intention to move to compel arbitration on state law grounds while

---

[3] Even when the FAA doesn't apply, a party can enforce arbitration through other means, such as state court, "even when the contract says that the Federal Arbitration Act applies and mentions no other law—if the federal act doesn't apply, the agreement to arbitrate remains viable, and the only question becomes what state's law applies to the contract to arbitrate." *Atwood v. Rent-A-Center East, Inc.,* 2016 WL 2766656, at *3 (S.D. Ill. May 13, 2016).

8

pursuing its FAA claim." Dkt. 103 at 8. But that is exactly what Defendant did here by its silence for two-and-a-half years regarding its ever-present state law argument to compel arbitration. *See* Dkt. 25-1 (conceding the only issue the Court needed to address in its original Rule 12(b)(3) motion to compel was to determine if the FAA applied—not, whether the FAA applied or alternatively, if it didn't, then if state law did). Similar to the defendant in *New Prime,* Defendant's failure to timely raise its state law argument is fatal and this Court should have found Defendant waived this argument. The *New Prime* court's reasoning was sound:

> Declining to find waiver in this case would create a loophole for defendants who seek to compel arbitration in a putative class or collective action. Defendants could choose one statute, such as the FAA or state arbitration statute, to compel action against named plaintiff, and then—and only if they lose—have the chutzpah to invoke the other statute years later. This situation denies parties the benefit of arbitration: the 'efficient and low-cost resolution of disputes.' (citation omitted) Defendant's conduct reflects dilatory litigation tactics at their worst, by preventing the timely resolution of an important dispute about the payment of minimum wages.

*Id*. at 214. As the Supreme Court recently clarified, "[i]f an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it. The federal policy is about treating arbitration contracts like all others, not about fostering arbitration." *Morgan v. Sundance, Inc.*, 142 S.Ct 1708, 1713 (2022). "[T]he FAA's 'policy favoring arbitration' does not authorize federal courts to invent special, arbitration-preferring procedural rules." *Id*. (quoting *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). It merely "make[s] 'arbitration agreements as enforceable as other contracts, but not more so.'" *Id*. (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 404, n. 12 (1967)). Accordingly, "a court may not devise novel rules to favor arbitration over litigation." *Id.* (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218-221 (1985)).

Defendant fails to understand (or refuses to acknowledge) the distinction Plaintiff makes pertaining to the question at issue here. Regardless of the fact that Defendant "*did not bring a*

9

*successive 12(b) motion*[,]" its state law argument was available to it when it made its original Rule 12(b) motion to compel arbitration exclusively under the FAA, and since it did not bring it then, *any* successive motion to compel arbitration is now waived. Dkt. 103 at 7 (emphasis in original). Citing *dicta*, Defendant's incorrectly claims that the "Seventh Circuit *has* spoken to this very specific issue with this very plaintiff … the Seventh Circuit overturned the availability of federal arbitration but expressly noted that '[Plaintiff] could still face arbitration under state law.'" *Id.* at 9 (quoting *Saxon v. Southwest Airlines Co.*, 993 F.3d 492, 502 (7th Cir. 2021)). Rather, this was simply a general observation the Court made, as it certainly did not address whether Defendant properly preserved its state law argument because it was not at issue for the Court to decide.[4] Thus, the controlling question of law establishes grounds for a difference of opinion, and Plaintiff's Motion should be granted.

### C. An Immediate Appeal Will Materially Advance the Termination of the Litigation.

Defendant's final argument that "an immediate appeal would not speed up any litigation" but would rather "delay any adjudication on the merits while the appeal is pending and answer the question only of *where* plaintiff's claims may be heard[,]" is wrong. Dkt. 103 at 10. Granting Plaintiff's Motion would indeed materially advance the ultimate termination of the litigation (*i.e.,* will ultimately speed up the litigation). But "[t]he promise to speed up the litigation does not require that the interlocutory appeal resolve the matter in its entirety; it is sufficient that an

---

[4] Defendant's continued reliance on *Sherwood v. Marquette Transp. Co., LLC,* 587 F.3d 841 (7th Cir. 2009) and *Harper v. Amazon.com Servs., Inc.,* 12 F.4th 287 (3d Cir. 2021) is misplaced. In *Sherwood*, the defendant did not rely on the FAA to compel arbitration, like the Defendant did here, but rather brought its motion to compel arbitration solely and exclusively under Illinois law. *Sherwood*, 587 F.3d at 843. Unlike the Defendant here, the *Sherwood* defendant did not waive its state law argument by timely moving for relief on a state law basis in the first instance. *Id.* And in *Harper*, the appellate court remanded the matter to the trial court to consider arbitration under the defendant's <u>alternative</u> state law grounds, that was, unlike here, timely yet not previously considered by the trial court. *Harper,* 12 F.4th at 292, 296-97.

interlocutory appeal would remove uncertainty about the status of a claim that might delay settlement or resolution." *F.D.I.C. v. Mahajan*, 2013 WL 3771419, at *3 (N.D. Ill. July 16, 2013) (citing *Sterk*, 672 F.3d 535). And numerous courts have used § 1292(b) to facilitate interlocutory review of legal determinations that resulted in orders to compel arbitration. *See, e.g., Stephens v. Am. Int'l Ins. Co.,* 66 F.3d 41, 43 (2d Cir. 1995); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.,* 925 F.2d 1136, 1138 (9th Cir. 1991). The court noted in *Banner Industries, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 663 F. Supp. 1290, 1291 (N.D. Ill. 1987), *certified question answered*, 875 F.2d 1285 (7th Cir. 1989):

> The court is of the opinion that its order referring Count I of [plaintiff's] complaint to arbitration and holding that [plaintiff's] time for initiating arbitration had not expired involves controlling questions of law as to which there is substantial ground for difference of opinion. The court further concludes that an immediate appeal of these questions may materially advance the ultimate termination of this litigation. Should the court of appeals decide that this court, rather than an arbitrator, should adjudicate the issues raised in Count I, there would be no need for the arbitration proceeding. Alternatively, should the court of appeals decide that the issues raised belong in arbitration but that [plaintiff's] failure to initiate arbitration within the time limits constitutes a waiver of any of its defenses, there would be no need to address any issue regarding [plaintiff's] liability to [defendants].

Similarly here, should this Court deny interlocutory certification thereby forcing this case to arbitration, the Parties would go through the time and expense of an arbitration, only to have Plaintiff move to vacate the award and, upon denial thereof and closure of the case, appeal the issue as of right to the Seventh Circuit. Should the Seventh Circuit reverse at that time, Plaintiff's arbitration proceedings will be invalid, because arbitration would have been the improper forum for Plaintiff to exercise her legal rights regarding her unpaid wages. Therefore, the Parties would return to the District Court to start the entire process over again. Having the Seventh Circuit resolve the issue immediately has the potential to avoid an unnecessary arbitration and avoid the extra expense and delay an ultimately-unnecessary arbitration would cause. Therefore, granting

11

Plaintiff's Motion would certainly advance the ultimate termination of the litigation and certification is therefore warranted.

Defendant cites to several cases, including two from this district, for the proposition that interlocutory certification may delay rather than speed up the ultimate termination of a case. In *ChampionsWorld, LLC v. U.S. Soccer Federation, Inc.,* 2007 WL 2198366 (N.D. Ill. Jul. 31, 2007), the court denied plaintiff's motion for reconsideration, or alternatively, for certification of interlocutory appeal finding there was an equal chance the Seventh Circuit could reverse the court's decision but ultimately found plaintiff's three proposed issues each failed to satisfy all four criteria required of § 1292(b). *Id.* at *4-5. And in *Instrumentation Specialties Co. v. Waters Assocs., Inc.,* 1977 WL 22810 (N.D. Ill. Oct. 12, 1977), the court denied defendant's request to certify the matter for interlocutory appeal finding, "[a]ppellate review at this time of the questions of venue and adequacy of service of process are not going to dispose of the underlying substantive issues of patent validity, infringement, etc. which are the gravamen on this suit …." *Id.* at *3.

## CONCLUSION

The four criteria for interlocutory certification in this case are met. Plaintiff respectfully requests that the Court certify it for interlocutory appeal.

WHEREFORE, Plaintiff, Latrice Saxon, respectfully requests that this Honorable Court certify this case for interlocutory appeal, and amend its March 10, 2023, Order (dkt. 96) to include the required statement that there is "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

| | |
|---|---|
| Date:   May 8, 2023 | Respectfully Submitted, |
| | */s/ Andrew C. Ficzko*<br>Ryan F. Stephan |

                                          James B. Zouras
                                          Andrew C. Ficzko
                                          **STEPHAN ZOURAS, LLP**
                                          222 W. Adams Street
                                          Suite 2020
                                          Chicago, Illinois 60601
                                          312.233.1550
                                          312.233.1560 *f*
                                          rstephan@stephanzouras.com
                                          jzouras@stephanzouras.com
                                          aficzko@stephanzouras.com

                                                **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 8, 2023, he electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of Illinois by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

<em>/s/ Andrew C. Ficzko</em>