UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATRICE SAXON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 19-cv-00403 |
| ) | Judge Sharon Johnson Coleman |
| v. ) ) | |
| SOUTHWEST AIRLINES CO., ) ) | |
| Defendant. ) | |

### ORDER

Before the Court is plaintiff Latrice Saxon's motion to amend ruling to certify question for appeal under 28 U.S.C. § 1292(b). The Court denies Saxon's motion [97].

### STATEMENT

This case's lengthy and complicated procedural history brings us to the present motion: whether to certify a question for interlocutory appeal. In the Court's last Order, this Court found that Southwest Airlines Co. ("Southwest") did not waive the right to compel arbitration under Illinois law after years of litigation focused on whether Saxon should be compelled to arbitrate her claim under the Federal Arbitration Act. Specifically, the Court found (1) Southwest did not file a motion governed by Rule 12, such that Rule 12's waiver requirements did not apply and (2) Southwest did not act with intent to waive its right to arbitrate, given that the litigation, albeit lengthy and focused on the Federal Arbitration Act, was centered on compelling arbitration. Then, this Court determined that the governing contract's waiver provision was enforceable under Illinois state law and sent the case to arbitration, staying proceedings before it in the interim.

Saxon now asks this Court to certify the following question for appeal:

> Did Defendant waive its argument to compel arbitration under a newly raised argument under the Illinois Uniform Arbitration Act ("IUAA"), 710 ILCS 5/1 *et*

*seq.*, after litigating the case for over two and a half years, when it originally relied exclusively and solely on the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, and Fed. R. Civ. P. 12(b)(3) to compel arbitration?

(Dkt. 97 at 2.)

A district court may certify an order for interlocutory appeal if the order (1) involves a pure question of law (2) that is controlling and (3) contestable and (4) the immediate appeal would materially advance the termination of the litigation. 28 U.S.C. § 1292(b); *Ahrenholz v. Bd. of Trustees of University of Illinois*, 219 F.3d 674, 675–76 (7th Cir. 2000).

First, the parties dispute whether Saxon's question involves a pure question of law. A "question of law" involves "the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. Saxon maintains her question fits this criterion as it involves the Court's interpretation of Rule 12 and whether Southwest's state law argument in its successive motion to compel was waived under the Federal Rules of Civil Procedure. Southwest argues that the question necessarily involves fact-specific waiver issues, making it unfit for interlocutory appeal.

As the Court understands it, Saxon's asserted question combines two issues: (1) whether Rule 12 prohibits successive motions to compel arbitration when a party makes a prior Rule 12(b) motion and (2) whether Southwest waived the right to bring its state law argument when it waited two-and-a-half years to do so. The Court finds the former question is a legal question, whereas the latter gets into fact-specific waiver issues improper for appeal under 28 U.S.C. § 1292(b). Her question, as written, necessarily involves fact-specific issues regarding timing that would be improper for interlocutory appeal. But if the Court reads her question more narrowly—regarding whether Rule 12 prohibits successive motions to compel arbitration—that involves a pure question of law. The Court will proceed with its analysis regarding whether Rule 12 prohibits successive motions to compel arbitration.

Saxon contends that her question is necessarily controlling, given that it determines whether her case can proceed in Court. Southwest does not dispute this point, and the Court thus turns to whether the issue is contestable. A question of law is contestable when "there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Flynn v. Exelon Corp.*, No. 19 C 8209, 2022 WL 267915, at *3 (N.D. Ill. Jan. 28, 2022) (Kendall, J.) (internal citation omitted). Saxon remarks that the federal rules definitively state that arguments governed by Rules 12(b)(2)–(5) are waived if not brought in the original Rule 12 motion. Thus, she claims Southwest's argument to compel arbitration under state law was waived. She also argues that a party seeking arbitration must move to compel before the delay prejudices the opposing party, and again cites *Oliveira v. New Prime, Inc.*, 424 F. Supp. 3d 206 (D. Mass. 2019) to demonstrate how Southwest's actions compel a finding of waiver.

Saxon has not shown that there is substantial ground for difference of opinion on her issue. Rather, her briefing simply suggests that this Court misinterpreted the rules by declining to find waiver. The Court does agree with the general principles Saxon sets forth in her motion, specifically that "Rules 12(g)(2) and 12(h)(1)(A) provide in combination that a party waives any Rule 12(b)(3) defense for improper venue by omitting it from a motion under Rule 12, so long as the venue defense was available to the party when the earlier motion was filed." *About U.S. Real Estate, Inc. v. Burnley*, No. 14 C 04471, 2015 WL 3397025, at *3 (N.D. Ill. May 26, 2015) (Tharp, J.) (internal citations omitted). But Southwest's motion to compel arbitration under state law was not a Rule 12(b)(3) motion, and Saxon has not pointed the court towards any authority to suggest that it needed to be read as one. Saxon has cited no cases that discuss Rule 12 and successive motions to compel arbitration under state law. Instead, the cases Saxon cites discuss either Rule 12 waiver more generally, *see, e.g., Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, *1–2 (N.D. Ill. Jan.

24, 2013) (Feinerman, J.) (denying a successive motion to dismiss for improper venue when parties filed a prior motion to dismiss for failure to state a claim), or how a motion to dismiss based on an arbitration clause is characterized as an objection to venue under Rule 12(b)(3), *see, e.g., Faulkenberg v. CB Tax Franchise Systems, LP*, 637 F.3d 801, 807 (7th Cir. 2011). What these cases do not show is that there are substantial grounds for conflicting decisions regarding whether a motion to compel arbitration must be read as a motion to dismiss under Rule 12(b)(3), nor that there is a substantial likelihood that this Court would be reversed on appeal on this issue.[1]

Furthermore, as discussed above, Saxon's reliance on the time Southwest took to make this argument is inherently a fact specific question that is not appropriate for interlocutory appeal under 28 U.S.C. § 1292(b). *New Prime*, the case from the District of Massachusetts to which Saxon cites, could be viewed as a conflicting authority due to its analysis on a similar issue, but has nothing to say on Rule 12 waiver and is solely focused on common law waiver. Therefore, Saxon has not established that her question is contestable. For this reason, the Court need not address whether immediate appeal would advance the termination of the litigation and denies Saxon's motion.

**IT IS SO ORDERED**.

Date: 6/1/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

---

[1] The Court conducted its own research and found that some courts automatically—without much analysis—treat a motion to compel arbitration as a Rule 12(b)(3) motion. *See, e.g., Muhammad v. Tree*, No. 18 C 04192, 2020 WL 1530750, at *2 (N.D. Ill. Mar. 31, 2020) (Alonso, J.). But the Court again determines that motions to compel arbitration are distinct from Rule 12(b)(3) motions. *See, e.g., Smith v. Bd. of Directors of Triad Manufacturing, Inc.*, 13 F.4th 613, 618 (7th Cir. 2021) (construing a "motion to compel arbitration or to dismiss under Rules 12(b)(3) or (b)(6)" as a motion to compel arbitration); *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 890 (7th Cir. 2020) (finding it is the "substance of the motion that counts, not its label" when determining a 12(b)(3) motion was a motion to compel arbitration when the venue argument was "rooted in enforcement of the arbitration agreement"); *Noe v. Smart Mortgage Ctrs., Inc.*, No. 21 CV 1668, 2021 WL 4283027, at *1 (N.D. Ill. Sept. 21, 2021) (Shah, J.) (construing a 12(b)(3) motion as a motion to compel arbitration); *HTG Capital Partners, LLC v. Doe*, No. 15 C 02129, 2016 WL 612861, at *8 (N.D. Ill. Feb. 16, 2016) (Chang, J.) ("Rule 12(b)(3), which permits dismissals for improper venue, is reserved for situations when a federal court is asked to compel arbitration *outside* its district."). There appears to be no compelling authority that a motion to compel arbitration must be brought under Rule 12.